JOSEPH LEE, Respondent.

*vs.*

LEVI J. MERRICK and WILLIAM H. MERRICK,
Appellants.

APPEAL FROM CIRCUIT COURT, MILWAUKEE COUNTY.

Although the circuit court in its charge to the jury, incorrectly states an abstract proposition of law, which has no application to the facts and proof in the case, it will not afford a good ground for the reversal of the judgment.

If a jury find a verdict for forty dollars less than they should have found, and the party in whose favor the verdict is, does not complain of the finding, the party against whom the verdict is, cannot disturb the judgment because it is not large enough.

This was an action brought by the plaintiff against the defendants for work and labor as foreman of the defendants' brick yard, from the 5th of May to the 26th of September, 1857, at $100 per month, amounting to the sum of $352 50. The defendants denied the allegations of the complaint and set up that the plaintiff agreed to work for them as foreman in their brick-yard for the brick-making season of the year 1857, for whatever his services were worth, and that, under such agreement, the plaintiff went to work about the 5th of May, 1857, and worked till about the 26th day of September, when contrary to the wishes of the defendants, and without their consent, he left their employ, and refused to work the brick-making season, and that he had not fulfilled his contract.

The answer also sets up a payment of $161 50.

On the trial the plaintiff proved that he had worked for about the time charged, and had supervision of the brick-

yard; also that the Merricks had each said that they had agreed to give the plaintiff $100 per month. The defendants introduced testimony to show that it was the custom and understanding, when a foreman or men hire about the commencement of the brick-making season, that they are to work for the season; and also that the wages of the plaintiff was worth less than $100 per month, and that the defendants made and burnt brick after the plaintiff left their employ. It was admitted by the plaintiff that the defendants had paid him $161 50.

The court instructed and charged the jury that if they found the defendants agreed to give the plaintiff $100 per month for his services, they should find for that amount, less what had been paid him, and if they found no special agreement as to the amount per month, then they should allow the plaintiff what his services were worth, deducting the amount paid, and if they found that the plaintiff hired out to the defendants for the brick-making season, and left the employ of the defendants before the expiration of the season, without their consent, that then they should allow him whatever his services were worth, after deducting the damages, if any, sustained by the defendants by reason of his leaving before the expiration of the season, to which instructions, and each and every part thereof, the defendants excepted.

And at the trial the defendants asked the court to instruct the jury that if they found from the evidence that plaintiff agreed with defendants to work with them, as foreman on their brick-yard, during the brick-making season of 1857, and the plaintiff left their employ, without their consent and without any good cause, before the expiration of the brick-making season, that then they must find for the defendants; which instruction the court refused to give, and to which refusal the defendants excepted.

The jury found a verdict in favor of the plaintiff for $280,

on which judgment was entered. From that judgment this appeal is taken.

*Downer, LaDue & Jenkins*, for the appellants.

1. The court below erred in instructing the jury that if they found no special agreement as to the amount per month, the plaintiff was to have for his services; then they should allow the plaintiff what his services were worth, deducting the amount paid. The complaint in this action sets forth a special agreement on the part of the Merricks to pay the respondent $100 per month for his services. On that special agreement he must recover or not at all. Even the code does not allow the plaintiff to set forth in his complaint one cause of action, and recover for another, or to sue upon a special agreement and recover upon a *quantum meruit*.

The jury in this case have actually found a verdict upon a *quantum meruit*. The defendants admitted in the answer the time the plaintiff worked for them. Upon this point there was no dispute.. Giving the plaintiff for his services $100 per month during that time, which amount the plaintiff alleges in the complaint there was a special agreement he should have, and deducting the admitted payment of $161 50 and allowing interest on the balance, and there would be about $320. The jury found a verdict for only 280. This proves that their verdict was in fact based not on the special agreement, set forth in the complaint, but on a *quantum meruit*. The plaintiff had clearly no right to a verdict, except on the special agreement set forth in the complaint and the instruction of the court, not only *might*, but actually *did* mislead the jury.

2. The appellants asked the court to instruct the jury, " that if they found from the evidence that the plaintiff agreed with defendants to work with them as foreman in their brick-yard during the brick-making season of 1857, and the plain-

tiff left their employ without their consent and without any good cause before the expiration of the brick-making season, that then they must find for the defendants," which instruction the court refused, and gave an instruction directly the reverse. The court erred both in refusing the instruction asked, and in giving the instruction given. The defendants set up in their answer that they hired the plaintiff for the brick-making season and made no bargain as to price, but agreed to give him what his services were worth ; and there was evidence proving or tending to prove this defence. It is a clear principle of law, that under such an agreement as was set up in the answer the plaintiff could have no right of action till the expiration of the brick-making season ; and and then only in case he had performed the agreement on his part. *Phelbrook vs. Belknap*, 6 Verm., 333; id., 35; 8 Verm., 84; *Davis vs. Maxwell*, 12 Met., 286; *Stark vs. Parker*, 2 Pick., 276; 19 id., 428; 2 Cush., 80; *Eldridge vs. Rowe*, 2 Gilmore, 9; 2 Penn. St., 454; 8 Cow., 63; 12 Johns., 165; *Monell vs Burns*, 4 Denio, 121; Chitty on Contracts (9 Am. from 5th London) 504 note 3, in which nearly all the authorities are cited.

This action was commenced before the expiration of the brick-making season, to wit:—Oct. 15, 1857. If the plaintiff under the agreement set up in the answer, upon which, and the evidence, the instruction asked is based, could ever have a right of action against the defendants, such right of action would not accrue till after the expiration of the brick-making season, and did not accrue till after the commencement of this action. *Hartwell vs. Jewett*, 9th N. H., 249.

*J. H. Paine & Son*, for the respondent.

The refusal of the court to instruct the jury as requested, and the instructions actually given were immaterial and had no bearing on the case made by the testimony. The

Lee vs. Merrick.

instructions were, doubtless, asked under a full conviction that the merits of the case were with the plaintiff, and that justice would prevail, unless entangled in a web of technicalities. In the case of *Joseph Bowen vs. Campbell & Smith*, this court decided that the assertion of a false principle of law by the judge to the jury, which is irrelevant to the case on trial, is not sufficient cause for reversal of the judgment, unless it is clear that the jury have been misled thereby. 5 Wisconsin Reports, 187. This court held in that case as follows: "Substantial justice seems to have done in this case, and it would be a great hardship to order a new trial, because immaterial instructions were refused, or observations made by the court, which, though unsound, had no pertinency to the case."

*By the Court*, COLE, J. As it appears to us the material question in this case is the one raised as to the correctness of the following instruction asked for by the defendants and refused by the circuit court, to wit: "If the jury should find from the evidence that the plaintiff agreed with the defendants to work with them as foreman on their brick-yard during the brick-making season of 1857, and said plaintiff left their employ without their consent, and without any good cause, before the expiration of the brick-making season, then they must find for the defendants." The circuit court refused to give this instruction, having charged the jury that if they found that the plaintiff hired out to the defendants for the brick-making season, and left their employ before the expiration of the season, without their consent, that then they should allow him whatever his services were worth after deducting the damages if any sustained by the defendants, by reason of the plaintiff's leaving before the expiration of the season.

As a matter of law we suppose if it had appeared from the

testimony that the plaintiff had agreed to work for the defendants for any definite period, as for instance during the brickmaking season, and had left their employ before the expiration of his term of service, without their consent and without a valid legal cause, that in that case, he could not recover pay for the partial service performed. The contract would be entire and a complete performance of the term of service would be a condition precedent to the recovery of the compensation agreed to be paid. But we do not see how this rule of law has any bearing upon the facts of this case as disclosed by the evidence. We have not been able to discover any testimony, either introduced by the plaintiff or the defendants, tending to show that the plaintiff agreed to work for the defendants during the brick-making season. There was an attempt on the part of the defendants, to show that it was a custom that foremen and hands who hired to work on a brick-yard, were hired for the brick-making season. But we regard the testimony upon this point as altogether too vague and uncertain to show an established custom as to the time of service—a custom entering into the contract and which the parties must be presumed to have had in view when they made the contract. The whole evidence goes strongly to prove a hiring by the month at a given rate. Two witnesses only testified that it was the usage or practice that all hands hired on brick-yards are hired for the season of brick-making. This appears insufficient to show an ancient, universal and perfectly established custom, entering into and determining the contract of employment between these parties. So although we are of the opinion that the rule of law was incorrectly stated by the circuit court, yet it was an abstract proposition which had no application to the facts and proof in this case, and therefore is not a good ground of reversal.

A still further objection is taken to the verdict, which is

Lee vs. Merrick.

that the jury found upon a *quantum meruit*, while the complaint sets forth a special agreement on the part of the defendants to pay the plaintiff $100 per month for his services. According to this agreement it is insisted that the jury should have given the plaintiff forty dollars more than they found his due. The respondent however does not complain of this verdict, and he is the party prejudiced by it.

The judgment of the circuit court is affirmed.