ST. LOUIS and others vs. REGENFUSS, Garnishee.

*Limit of garnishee's liability.*

1. The general rule is, that a garnishee is liable to the judgment creditor no further than he was liable to the attachment debtor before the process in garnishment was served.
2. Where garnishee had retained in his hands part of the purchase money of lands bought from the attachment debtor, *as an indemnity* against his own liability as surety upon a note of said debtor, which was unpaid: *Held*, that he was not liable in garnishment.

APPEAL from the Circuit Court for *Washington* County

The plaintiffs appealed from an order denying a motion for judgment against the garnishee defendant. The case is stated in the opinion.

*Frisby & Weil*, for appellants, contended, upon the ·language of the garnishee's answers, that he was bound to pay the $250 in question whenever demanded by the principal debtor; citing *Allen v. Megguire*, 15 Mass., 490; *Brewer v. Pitkin*, 11 Pick., 298; *Ripley v. Severance*, 5 Pick., 474.

*Foster & Coe*, for respondent.

LYON, J. The plaintiff commenced an action by attachment in the circuit court, against John C. Merkel and others, and caused the respondent to be summoned to answer as garnishee of the defendants in such attachment suit, before a court commissioner. At the time and place appointed in ·such summons or notice, the respondent appeared before the commissioner by counsel, specially for that purpose, and ob-

St. Louis and others vs. Regenfuss, Garnishee.

jected that the commissioner had acquired no jurisdiction of the matter by reason of certain alleged defects in such garnishee process. The commissioner overruled the objection, and ordered the respondent to answer. He was then sworn as such garnishee, and answered that on the 27th of November, 1868 (the garnishee notice having been served December 18th, 1868), he purchased of said John C. Merkel forty acres of land for twelve hundred dollars; and on the subject of payment therefor he answered as follows: "I paid nine hundred and fifty dollars, and for two hundred and fifty dollars I signed a note with him as security, which was retained out of the purchase money." And further: "Merkel did not owe me anything at the time I bought the land, but the note of two hundred and fifty dollars that I signed with him. That note was originally given to David Wolf; the note was given about September or October last. The note is still outstanding and unpaid."

Under the advice of his counsel, the respondent declined to answer several interrogatories propounded to him by the counsel for the plaintiff. The commissioner did not require him to answer such interrogatories, but reported the same, and the refusal of the respondent to answer them, to the court.

After the entry of judgment in the original action against the defendants therein, the plaintiff moved the court for judgment against the respondent as garnishee, " or for such further or other order or judgment in the premises as the court may legally grant." From an order denying such motion the plaintiff has appealed to this court.

In the brief submitted by counsel for the plaintiff, it is not claimed that the plaintiff is entitled to judgment because of the refusal of the garnishee to answer; neither is it claimed that the circuit court should have remanded the proceedings to the commissioner with an order requiring the garnishee to answer more fully; but only that upon the answer which he did make the plaintiff is entitled to judgment against him for the two

Vol. XXVIII.—10

hundred and fifty dollars of the price of the land which he retained in his own hands.

We do not deem it our duty to go farther in the case than the counsel has invited us to go, and we are therefore relieved from inquiring whether the respondent was justified in refusing to answer the interrogatories before mentioned.

Does the answer of the garnishee, so far as he made answer, show that the plaintiff is entitled to have judgment against him for two hundred and fifty dollars, or any other sum?

We are of the opinion that this question must be answered in the negative. We think that the fair inference from his answer made before the commissioner is, that the respondent retained two hundred and fifty dollars of the purchase money of the land bought by him of Merkel, in his hands, with the consent of Merkel and by agreement with him, either express or implied, for the purpose of indemnity against the liability of respondent on the Wolf note. The answer seems to be quite imperfectly reported; perhaps was imperfectly made; but all of the reasonable probabilities of the transaction would seem to sustain the construction which we have given to it. If the fact is otherwise, we think it should have been made to appear more plainly, either by a more specific examination of the garnishee or in some other manner.

It being determined that this sum of two hundred and fifty dollars was thus retained by the respondent, it is clear that he is not liable therefor as garnishee, to a creditor of Merkel, so long as his liability continues to pay the Wolf note.

In *Ripley v. Allis, Trustee, etc.*, 6 Pick., 474, Severance, the principal debtor, had placed notes in the hands of Allis, who had become surety for Severance for the payment of a life-annuity. Ripley was a creditor of Severance, and sought by trustee process to reach such notes in the hands of Allis. The court held that Allis should be allowed for all payments made, *or liabilities incurred*, by virtue of the contract with Severance under which he held the notes.

St. Louis and others vs. Regenfuss, Garnishee.

The other Massachusetts cases cited by the counsel do not hold any different doctrine, although some of them are doubtless authority in support of the proposition that, in the absence of any understanding or agreement between the parties that the respondent should hold the money as an indemnity for his liability upon the Wolf note, he would be liable as garnishee of Merkel until he actually paid the note. *Boston Type Co. v. Mortimer*, 7 Pick., 166; *Brewer v. Pitkin*, 11 Pick., 298; *Allen v. Megguire*, 15 Mass., 490.

The principle upon which all these cases seem to have been decided, is, that the garnishee is liable to the creditor to the same extent that he was liable to the defendant in the attachment suit before service of the garnishee process. This is the limit of his liability. No recovery, therefore, can be had against the garnishee unless such defendant had a cause of action against him, and a recovery in any given case against a garnishee is limited by his liability to the principal debtor. *Hathaway v. Russell*, 16 Mass., 473.

As we understand the answer of the garnishee in this case, Merkel could not have maintained an action against him to recover the balance of the purchase money for the land, so long as the Wolf note remained unpaid and the liability of the respondent to pay the same continued. And if Merkel could not have maintained such action, it follows that the respondent is not liable in this action as the garnishee of Merkel. The circuit court was therefore correct in denying the motion of the plaintiff for judgment against the respondent.

These views render it unnecessary to decide whether the garnishee notice was valid and sufficient to give the commissioner or the court jurisdiction.

The order appealed from must be affirmed.

*By the Court.*— Order affirmed.