———o———

AMOS ROYER, *et al.*, Respondents, *vs.* JOHN FLEMING, *et al.*, Garnishees of SMITH, *et al.*, Appellants.

1. *Practice, civil—Pleadings—Garnishment—Prior garnishment—Evidence as to, when improper.*—In a garnishment proceeding, the garnishee cannot prove a prior garnishment to recover the same debt, where no such issue is presented by the pleadings.

2. *Practice, civil—Instructions.*—An instruction calculated to mislead the jury, or not based on evidence, is improper.

3. *Garnishment—Compromise of demand against garnishee, growing out of creditor's non-feasance—Fees and costs.*—A. was garnished, as debtor of B., on a contract for work and labor. In defense he showed that he had been called upon to pay certain debts owing by B. to his laborers, and had compromised them at 50 cents on the dollar: *Held*, that he could off-set against B.'s demand only the amount actually paid on such compromise. But if the terms of the compromise included fees and costs of the laborers, which were paid by A. and did not with the 50 cents exceed the amount due to the laborers by B., the fees and costs could be added to the off-set.

4. *Judgment—Superfluous matter.*—It is proper to strike superfluous matter from a judgment so that a proper judgment may be left.

*Appeal from Schuyler Circuit Court.*

*A. J. Bader with Hughes & Hughes*, for Appellants.

*McColdrick & Caywood with Edw. Higbee*, for Respondents.

VORIES, Judge, delivered the opinion of the court.

In November, 1871, the plaintiffs commenced a suit in the Schuyler Circuit Court, against Patrick Smith and John Smith, to recover the amount of a demand against them for the sum of $408.88. An attachment was issued in said suit, upon which the defendants in this proceeding were garnished as the debtors of said defendants, Smith and Smith. The garnishment was served on the 28th day of November, 1871. Interrogatories were properly filed at the return term of the writ. It is admitted by the parties, that the plaintiffs prosecuted their suit against Smith and Smith to final judgment, in which they recovered the amount of the demand sued for.

The garnishees, Fleming and McCarthy, appeared to the garnishment, and filed an answer to the interrogatories filed by plaintiffs, in which they denied their indebtedness to Smith and Smith in any sum, or on any account whatever.

The plaintiffs filed a denial of the answer of the garnishees, and charged that the said Fleming and McCarthy were indebted to Smith and Smith at the time of the service of the garnishment, in the sum of one thousand dollars for work and labor performed in grading, grubbing and clearing done by said Smith and Smith, under a contract with said garnishees for the grading, etc., for a section of the Missouri, Iowa and Nebraska Railroad, in the county of Schuyler.

The said garnishees, Fleming and McCarthy, filed their replication to said denial of plaintiffs, in which they admitted, that said Smith and Smith were sub-contractors under them, and, as such, were engaged in grading and constructing the line of the Missouri, Iowa and Nebraska Railway; but they aver that said Smith and Smith performed the work performed by them, in grading and constructing the road bed for said railway, under a special contract to perform the whole of the work on section 59 of said road, and have the same completed in a manner and at a time named in said contract, and for prices therein set forth. The said defendants then aver that after said Smith and Smith had partly performed said work, they abandoned the same and never complied with

their contract, and that the defendants were put to great trouble and expense in completing said work. The defendants then averred that they had fully paid said Smith and Smith, and were compelled to pay the laborers employed by said Smith and Smith, and who performed work in grading said road under said Smith and Smith, for all work performed by said Smith and Smith under their contract, setting out all the particulars of the payments made by them, in which it is shown that Smith and Smith had performed work under said contract, amounting to about three thousand dollars, all of which, it was averred, had been fully paid, setting forth the particular payments, etc. The defendants then averred, that they did not owe said Smiths on said contract or otherwise at the time of the service of the garnishment, any sum or amount whatever.

Upon the issues, thus presented, the case was tried in the Circuit Court by a jury. Evidence was introduced on the part of the plaintiffs which tended to prove that Smith and Smith had done work for the defendants to the value or amount of over three thousand dollars, and that defendants were still indebted to Smith and Smith for work done in the sum of several hundred dollars. The evidence on the part of the defendants strongly tends to prove that Smith and Smith had not complied with their contract in grading the section of the road contracted for, and that they had been paid and over-paid all that they were entitled to receive by virtue of their contract for the work done.

The defendants then offered to prove, that Wesley Farrell and Ebenezer Birney had, prior to the service of the garnishment in this case, garnished defendants as being indebted to said Smith and Smith in the sum of $430. The court refused to admit said evidence and the defendants excepted.

At the close of the evidence, the court, at the request of the plaintiffs, instructed the jury as follows: "If the jury believe that Fleming and McCarthy reserved at the several monthly payments the 15 per cent. reserve, then said F. and McC. are not entitled to receive a credit for work subse-

quently done by F. and McC., or on account of the right to reserve said 15 per cent." This instruction was objected to by the defendants and exceptions saved.

The defendants then moved the court to instruct the jury as follows : "1st. The court instructs the jury that Farrell and Birney have garnished defendants for the sum of $434, and in making up their verdict they will allow defendants a credit for said amount with interest, at the rate of six per cent. per annum, from the 18th day of January, 1873, up to date." " 2nd. If the jury believe, from the evidence, that Henry Shaw was the engineer in charge of the work on said section 59, then, by the terms of the written contract read in evidence, he was the agent of Smith and Smith, and also of Fleming and McCarthy, and that his final estimate as to the entire amount of work done in completing said section, is conclusive upon both parties." "3rd. If the jury believe from the evidence that the laborers on the road filed claims against the Missouri, Iowa and Nebraska Railway Co., for the last thirty days labor, and obtained judgment on the same against the company, then Fleming and McCarthy were bound to pay off said judgments, and are entitled to a credit equal to the amount of said judgments, notwithstanding they compromised the same at fifty cents on the dollar."

These instructions were each and all refused by the court, and the defendants excepted.

The court then, of its own motion, gave the jury the following instructions which were objected to by the defendants. "3rd. If they find Fleming and McCarthy, in their monthly payments, paid to Smith and Smith's laborers the amount due Smith and Smith, less the amount of demands against said laborers in favor of merchants with whom above laborers dealt, and less the amount of Fleming and McCarthy's account against Smith and Smith for goods and merchandise, then they owed to Smith and Smith the balance, after deducting the amounts of Fleming and McCarthy's account against Smith and Smith, and it devolves upon them to show that Smith and Smith have been paid that balance; otherwise they are liable to

plaintiffs in this case for the amount of that balance, not exceeding plaintiff's debt against Smith and Smith."

"4th. If Fleming and McCarthy paid off Smith and Smith's hands for labor on a compromise at fifty cents on the dollar, that compromise inures to the benefit of Smith and Smith."

"5th. And Fleming and McCarthy are not to be allowed a credit for any more money against Smith and Smith than was actually paid by them to the hands, nor are they entitled to any credit for costs of suit or attorneys' fees in suits brought against the railway company by Smith and Smith's laborers." The defendants also saved their exceptions to the giving of these last three instructions.

The jury returned a verdict for the plaintiffs, upon which a judgment was rendered. The defendants, in proper time, filed a motion for a new trial and also a motion in arrest of the judgment, which being severally overruled by the court, the defendant again excepted and appealed to this court.

It is insisted by the defendants that the court erred in refusing to permit the defendants to prove on the trial, that they had been garnished in a suit of Farrell and Birney against Smith and Smith, prior to the service of the garnishment in this case, with a view to recover the same supposed debt in controversy in this proceeding. The court properly rejected this evidence. There was no such defense set up or relied on by the defendants in their replication or any other pleading in the case, and consequently, the evidence had no application to any issue on trial, and was properly refused.

It is next insisted that the court erred in instructing the jury as asked for by the plaintiffs. This instruction tells the jury that if defendants reserved, at the several monthly payments, the 15 per cent. reserve, then the defendants were not entitled to receive a credit for work subsequently done by them, or on account of the right to reserve said 15 per cent. It is difficult to see exactly what is intended by this instruction. By the contract between the parties, the defendants were to pay Smith and Smith monthly on estimates of the work done by them, to be made by the engineer in charge of

the work, at which payment, the defendants were authorized to retain 15 per cent. of the value of the work done as estimated by the engineer. It was further agreed that if Smith and Smith should fail to perform the whole work in conformity to their agreement, in such case the 15 per cent. should be considered as agreed compensation for damages, etc.

The evidence in this case clearly shows that Smith and Smith had failed to complete their contract, and that a small portion of the work had to be performed by the defendants, amounting to several hundred dollars, after the contract and work had been abandoned by the Smiths. Under these circumstances, if the defendants had deducted 15 per cent. from the amount estimated, to the Smiths, at the time of the monthly payments, and only paid them 85 per cent. of the amount of the estimates made for the work done, then of course the defendants would not have any right to deduct any further sum; but the instruction tells the jury that if the 15 per cent. was reserved at the time of the monthly payments, the defendants are not entitled to receive credit for work subsequently done by them. This is right, thus far, for the 15 per cent. reserved was intended to cover all damages to defendants in consequence of the non-performance of the entire contract by the Smiths; but the instruction proceeds "or on account of the right to reserve said 15 per cent." I suppose that it was intended by the last clause, to say that the defendants should not have credit on account of the power to reserve the 15 per cent., for any sum in addition to the amount reserved upon the monthly instalments. The instruction is, however, unfortunately worded, and the jury may have understood, from the last clause, that the defendants were liable for the whole amount of the work done by the Smiths, without any deduction whatever. The instruction was calculated to mislead the jury and was therefore improper.

The instructions asked for by the defendants, were properly refused by the court. The first instruction had no evidence to support it and was not founded on any issue in the case. The second instruction tells the jury, that the final es-

timate of the entire work done in completing said section is conclusive upon both parties. The estimates of the engineer were only conclusive as to the work actually performed by Smith and Smith. He could make no estimate as to the work performed by the defendants to complete the work, after it had been abandoned by the Smiths, so as to bind them. In fact such estimate would be wholly useless, as the damages for the non-performance of the contract were liquidated by the 15 per cent. reserved out of the price of the work actually done. (Fitzgerald vs. Hayward, 50 Mo. 516.)

The third instruction, asked for by the defendants, was clearly wrong. The defendants had the right, by their contract with the Smiths, to make payment for work done, by paying the hands who performed the labor; but they had no right to buy in these claims at half price, and thus pay off the debt they owed the Smiths, with fifty cents on the dollar. They were only entitled to credit for the amount actually paid.

The instruction numbered three, given by the court on its own motion, is difficult to understand and calculated to confuse the jury. It was intended to assert what would be a proper statement of the law of the case, and although it is rather confused or uncertain in its statements, it cannot be seen how it could injure the defendants.

The instruction numbered five, given by the court, I think is clearly wrong. It tells the jury that the defendants are not to be allowed a credit for any more money than was actually paid by them to the hands of Smith and Smith, and they are not entitled to credit for lawyers' fees or costs paid by them in settling suits commenced by the laborers of the Smiths, against the railway company. Instructions should be given with reference to the facts of the case. In this case, the Smiths had contracted to grade, etc., a section of the road bed for a railroad. Before their work was completed they abandoned their contract and left the country. Various laborers employed by them gave notice and commenced proceedings, under our statute, to recover from the railway com-

pany for their wages. These suits were compromised by the defendants in this proceeding, who had the right, under their contract with the Smiths, to pay any amount which they might owe them, to the unpaid laborers who had performed the work. The terms of the compromise were, that the defendants should pay the laborers fifty cents on the dollar of the amount due them from the Smiths, together with the costs of the suits and the fees of the lawyers who had prosecuted the demands or suits against the railway company; the whole amount being less than the amount due the laborers, the laborers releasing the balance of their claims. It seems to me, that as, the amount paid in fees which these laborers owed their attorneys was as much a part of the consideration paid to the laborers for the compromise of their claims, as the fifty cents on the dollar was, the money was really paid to the laborers, or it was paid in discharge of their debts at their request, and it was just as legitimate to pay the amount in that way as it would have been for the defendants to have paid the laborers sixty cents on the dollar, and have let them pay their own lawyers.

The judgment and verdict are also irregular. The verdict is as follows: "We the jury find for the plaintiffs, and the amount of plaintiff's claim against Smith and Smith, $458.88; that at the date of the garnishment, Fleming and McCarthy, the garnishees, were indebted to Smith and Smith in the sum of $608,25. Lewis C. Frester, foreman." The court in rendering the judgment, after reciting the verdict, proceeds: "Wherefore it is considered by the court that plaintiffs have and recover from said defendants the sum of $458.88, and all costs in this suit laid out and expended, and that execution issue for said sum of $458.88, being the sum found due from said John Fleming and Charles D. McCarthy at the date of the service of garnishment, less the amount of the judgment of Wesley Farrell and Ebenezer Birney, against Patrick Smith and John Smith, rendered by this court at the —— term for the year 1873, in which case, service of garnishment was served on the defendants in this case, prior to service of garnishment in this case."

I confess that I do not understand what is meant by the latter part of this judgment; but the court seems to have been adjudicating in reference to the garnishment in favor of Farrell and others against the defendants in this case, after having on the trial, excluded all evidence in reference thereto, and refused all instructions on that subject. I suppose, however, that all that is said about the Farrell & Co. claim, might be stricken from the judgment and a perfect judgment be left. It may be that the clerk has been guilty of some oversight in entering up the judgment.

The judgment must be reversed and the case remanded. Judge Wagener is absent. The other judges concur.