NATIONAL BANK OF MISSOURI, Respondent, *v.* JOHN W.
STALEY ET AL., Appellants.

June 1, 1880.

1. A garnishing creditor has no greater right than his debtor had to funds in the hands of a garnishee.

2. Where a debtor sells personal property, which is then put up at auction to be sold for the purchaser, that possession thereof had not changed prior to the auction sale will not avail a creditor who garnishes the auctioneers when the sale is about completed.

APPEAL from the St. Louis Circuit Court, LINDLEY, J.
*Reversed and remanded.*
ALEXANDER YOUNG, for the appellants.
HENDERSON & SHIELDS, for the respondent.

HAYDEN, J., delivered the opinion of the court.

The respondent, on an execution against Stilson Hutchins, garnished Staley & Scott, auctioneers, as holding in their hands money, the proceeds of a sale of furniture, which, as the respondent claimed, belonged to Hutchins. Billings filed an interplea, claiming that the money belonged to him, and that Hutchins had no interest in it. This the respondent denied. Upon the trial, there was evidence tending to show that Hutchins and Billings, in 1877, and before, lived together in St. Louis in a house owned by Hutchins, each contributing towards the household expenses. In the winter or spring of 1878, Hutchins left St. Louis, intending to establish himself in Washington, or elsewhere. Before departing, being indebted to Billings, he turned over to the latter, to be applied on the indebtedness, the part of the household furniture which he (Hutchins) owned, the part so turned over being most of the furniture, as Billings only owned a small part. In the court below, the case as tried turned on the question, whether under the statute there was a delivery and a change of possession, or, whether the

transaction was fraudulent in law. It was not contended there was actual fraud, and, under the instructions, the court as a jury must have found there was no delivery and change of possession sufficient to satisfy the statute. There was judgment for the respondent against the garnishees.

This case was tried as if the furniture in the hands of Billings had been levied on under execution or attachment, by process of the respondent. But such was not the fact. The issues were as stated, and raise a question not noticed, but decisive of the case, as it now stands. It is elementary that garnishing creditors have no other or greater right than their debtors had against the garnishee at the time of the garnishment. There is possibly an exception where the garnishee is party to a fraudulent transfer (*Lamb* v. *Stone*, 11 Pick. 527) ; but the principle is fundamental, and the rule of almost universal application. Drake on Attach., sects. 458, 464. If Hutchins could not have recovered here, the respondent cannot. Whether there was an actual change of possession or not, if Hutchins parted with his interest in the furniture, in part payment of his debt, and directed the auctioneers to sell the property for Billings, then the garnishing creditor, who stands in the debtor's shoes, cannot recover. The creditor's garnishment has no retroactive effect. He must take things as he finds them.

In another light, the same result follows. As between Hutchins and Billings, the title passed. They appear to have acted in good faith, and Hutchins had a right to prefer Billings. Thus, the property being in Billings, the sale by auction conveyed title to third parties. The garnishment was no lien on the furniture, but only enabled the respondent to look to the garnishees. If, indeed, the respondent had seized the furniture, thus asserting its right against the very property, and arresting it before any legal delivery had been made, the creditor would have been in a position to contest the validity of the transfer under the statute. *Franklin* v. *Gumersell, ante*, p. 84. But the garnishment

was not served until the auctioneers were nearly through with the sale, and, as the pleadings show, the contest concerns the money. The garnishing creditor must take subject to the laws of garnishment. His rights are determined by the condition of things existing at the time of the service, and this condition of things he cannot repudiate, and so acquire greater rights than his debtor then had. Thus, the respondent was bound by the arrangement Hutchins had made, nor can the garnishees be placed in a worse position than if the principal debtor had sued them. *Funkhouser* v. *Eveland*, 3 Mo. App. 602.

The judgment is reversed and the cause remanded. Judge BAKEWELL concurs; Judge LEWIS is absent.