W. RONAN ET AL., Respondents, v. A. H. DEWES, Garnishee, Appellant.

April 7. 1885.

1. GARNISHMENT—ANSWER.—The answer of a garnishee is taken as true until overthrown by evidence.

2. —— SUBSEQUENT ATTACHMENT—PRACTICE.—A garnishee in attachment out of whose custody goods are taken under a junior attachment, must, in order to protect himself, set out the facts in his answer.

APPEAL from the St. Louis Circuit Court, HORNER, J. *Affirmed.*

F. J. DONOVAN, for the appellant: Garnishment "can not subject one to a recovery where the defendant in attachment could not recover."—*McPherson* v. *Railroad Co.*, 66 Mo. 103; *National Bank* v. *Staley*, 9 Mo. App. 146. Credits are not subject to garnishment if encumbered with a trust.—*Lackland* v. *Garesche*, 56 Mo. 267; *Fenton* v. *Block*, 10 Mo. App. 538.

MILLS & FLITCRAFT, for the respondent: The rights of the garnishing creditor are determined by the condition of things existing at the time of the service.—*National Bank* v. *Staley*, 9 Mo. App. 146; *Funkhouser* v. *Eveland*, 3 Mo. App. 602; *McPherson* v. *A. & P. R. R.*, 66 Mo. 103, citing and approving; *St. Louis* v. *Regenfuss*,

28 Wis. 145; Drake, Attachments, 6th ed., sect. 667. The garnishee's answer must allege matters of special defence.—*Royer* v. *Fleming,* 58 Mo. 438; Drake, Attachments, sect. 630, 630 *a,* 6th ed.

ROMBAUER, J., delivered the opinion of the court.

This is a proceding of garnishment upon a writ of attachment. Interrogatories were filed against the garnishee, Dewes, who answered denying all indebtedness to the defendant in the attachment. There was a denial of the answer charging the garnishee with the possession of goods of the defendant to the amount of $1,000.00, credits of the defendant to the amount of $1,000.00, and an indebtedness due to defendant of $2,000.00, and concluding with a prayer of judgment. The denial was controverted in general terms by reply.

Prior to the trial of the issues in the garnishment proceeding, the plaintiff in the attachment suit obtained judgment against the defendant in the attachment for $523.20 and costs, and upon the trial of the issues between the plaintiff and the garnishee, the court found that the garnishee had in his possession at the date of the garnishment, sixteen boxes of boots and shoes of the value of $639.85, and ordered the garnishee to deliver the same to the sheriff within five days, and upon the garnishee failing to do so, it rendered judgment against him for $606.81, being the amount of plaintiff's judgment in the main case with interest.

The garnishee did not appear at the trial; no objections are saved to the admission of testimony; nor were any declarations of law asked or given. The only question presented for our consideration is whether the judgment of the trial court is supported by the pleadings and evidence.

The answer of the garnishee was evidence in his favor, it being settled that such answer whether it be a denial or affirmation of new matter must stand until overthrown by evidence.—*Holton* v. *Railroad Co.,* 50 Mo. 151.

The evidence adduced by plaintiff to charge the gar-

nishee, tends to show the following facts : At the date of the garnishment the garnishee was member of a firm keeping an auction house. Cassell, the defendant in the attachment, had delivered to such firm a short time . prior thereto a lot of goods of a cost value exceeding $6,000.00, to be sold at auction on his account, garnishee's firm advancing to Cassell $3,500.00 on account of such goods. On the 27th day of January, and before the garnishee had disposed of any of the goods, he was served with a writ of garnishment in this case. On the 28th day of January, one Blacker and others caused a writ of attachment to be issued against Cassell, and upon such writ took out of the garnishee's possession sixteen boxes of goods, presumably the goods mentioned in the finding of the court, of the market value of $639.85. The garnishee claimed these goods from the sheriff, whereupon Blacker and others executed an indemnity bond, as provided by statute, and the sheriff sold the goods under the Blacker writ of attachment for $255.00.

The garnishee's firm subsequently sold the residue of the goods at auction, and realized enough from such sale to reimburse themselves for the $3,500.00 advanced with interest, commissions, and expenses. It is apparent from the pleadings and evidence that the garnishee is not sought to be charged on the ground that the transfer from Cassell to his firm was in fraud of plaintiff as a creditor, but on the ground that at the date of the garnishment, his firm held goods of Cassell under a valid contract of bailment, to sell the same as auctioneers and to account to Cassell for the proceeds above the sum of $3,500, commissions, interest, and expenses.

Upon that state of facts it may be conceded for the garnishee, that unless Cassell had at the date of the garnishment, a claim on the goods in garnishee's hands, or upon their proceeds, which he himself either at that date, or at some subsequent time might have enforced, the plaintiff cannot recover.—Drake on Att., sects. 458 and 667; *Firebaugh* v. *Stone*, 36 Mo. 115; *National Bank* v. *Staley*, 9 Mo. App. 147; *McPherson* v. *Railroad*

*Co.*, 66 Mo. 103. It may also be conceded that the contract entered into between Cassell and the garnishee in regard to the disposition of the goods, gave to the garnishee a lien upon them, for advances, commissions, and expenses, and that the right or claim acquired by plaintiff, by force of his garnishment, was subject to such lien of the garnishee.—*Bangle* v. *Kirkpatrick*, 54 Penn. St. 84; *McPherson* v. *Railroad Co., supra.*

Now the evidence shows that at the date of the garnishment, the garnishee was indebted to Cassell upon a debt, *solvendum in futuro*, for the balance to be realized from the sale of the goods over and above advances, commissions, and expenses. The evidence further shows that the proceeds of the goods sold by the garnishee, fully reimbursed him for all advances and outlays, leaving these sixteen cases of goods free from any claim or lien on that account. If no other parties had intervened, the garnishee would have been clearly liable to Cassell for the proceeds of these sixteen cases of goods less his commissions for selling them.    Does the intervention of such third parties, and the taking of the goods from garnishee's possession under a junior writ of attachment, which fact appears in evidence, but is not relied on in the garnishee's answer, change that result? We think clearly not.    Cases decided many years ago in New England, under the trustee process, which is almost identical with our garnishment proceeding, held that the fact that the goods were taken out of the garnishee's hands by an officer upon a junior writ of attachment, did not relieve the garnishee from liability to the creditor.—*Parker* v. *Kinsman*, 8 Mass. 486; *Aldrich* v. *Woodcock*, 10 N. H. 103; *Dispatch Line* v. *Manfg. Co.*, 12 N. H. 238; Waples on Att., 295.    These cases were decided at a time when all bailees similarly situated were held to a stricter responsibility, and we are not inclined to follow them.    No reason is apparent why a garnishee holding property of the debtor should be held to greater diligence in the care and custody of the property, than any other bailee for compensation.

In order, however, to invoke the protection of the court in his behalf, the garnishee should have made full disclosure by his answer. This he failed to do. Instead of submitting by his answer the contract between Cassell and his firm, the sale of part of the goods, and the taking of part of the goods out of his possession by a junior writ, he saw fit to deny all indebtedness for money or property, payable then or payable at a future time. If the garnishee had made full disclosure of all the facts by his answer, as it was his duty to do, the plaintiff, whose lien was not divested by seizure of the goods upon a junior writ, could have fully protected himself. Instead of making such disclosures he saw fit to stand upon his general denial. He cannot now avail himself of special defenses not made by his answer.— *Royer* v. *Fleming*, 58 Mo. 438.

While the shape in which the finding of the court is put, and the orders of the court, preceding its final judgment, do not seem to be warranted by the facts of the case, there is sufficient evidence to warrant the final judgment. The evidence is uncontroverted and the judgment itself a mere conclusion of law. Being legally tenable as such, we think it should not be disturbed.

Judgment affirmed. All the judges concur.