FOSTER and others, Appellants, vs. SINGER, Garnishee, etc., Respondent.

*September 22 — October 11, 1887.*

*Garnishment of salary.*

A specified salary per month, to be paid to an employee at the end of each month, is not liable to process of garnishment served before the end of the month in which it is to be earned. It is neither then "due," nor is it, within the meaning of sec. 3719, R. S., "to become due," because its becoming due depends upon a contingency.

APPEAL from the County Court of *Milwaukee* County. The case sufficiently appears from the opinion.

*Chas. M. Bice,* for the appellants, took the ground that the month's salary of the principal defendant was a debt "to become due," when the garnishee summons was served, and became absolutely due before the return day, the defendant having worked out his month. *Prentiss v. Danaher,* 20 Wis. 313; *Jones v. St. Onge,* 67 Wis. 520.

For the respondent the cause was submitted on the brief of *Adolf Herdegen.*

TAYLOR, J.  *Foster* and others commenced an action in justice's court against M. Phillips, on the 27th day of August, 1885. A garnishee summons was served in said action upon the respondent *Singer* on the 28th of August, 1885. The action between the appellants and the garnishee was tried in the justice court, and judgment rendered

against the garnishee for $47. From this judgment the garnishee took an appeal to the county court, and on the trial there the court ordered the plaintiff nonsuited, and the garnishee discharged, with costs. From the judgment entered in favor of the garnishee for costs the plaintiffs appeal to this court.

The evidence on the trial in the court below showed that the garnishee employed Phillips, the defendant in the main action, as a traveling salesman at a salary of $125 per month, to be paid at the end of each month. The appellant introduced in evidence on the trial in the county court an account taken from the books of the garnishee, showing, among other payments to the said Phillips, that he had paid him on the 31st day of August the sum of $125. This account also shows that Phillips was credited with his salary, $125, on the last day of each month, and that payments were made on the last day of each month for the salary of each month, except that in the month of July there were credits of $5, on the 6th; $2, on the 26th; $5, on the 27th, and $113 on the 31st of July. The evidence of the plaintiffs also showed that the garnishee *Singer* testified in the justice's court that Phillips was employed by him as a salesman at a salary of $125 per month, due at the end of each month.

The learned county judge nonsuited the plaintiff, because it appeared from all the evidence in the case that there was nothing due or owing by the garnishee to Phillips on the day the garnishee summons was served on him, viz., on the 28th of August, 1885. We think the nonsuit was properly granted. The statute fixes the liability of the garnishee upon the *status* of his relation to the principal defendant at the time the garnishee process is served. See sec. 3719, R. S. 1878. The test of the liability of the garnishee to the creditor of the defendant is generally this: Could the defendant have maintained an action against the garnishee at

the time the garnishee process was served to recover the debt or liability sought to be garnished? It seems to us evident that under the testimony given in this case, had Phillips brought his action for his salary for August, 1885, on the day the garnishee summons was served, viz., 28th of August, his action would have been prematurely brought, and he must have failed in his action. There certainly was nothing due to Phillips on the 28th of August, 1885. See *St. Louis v. Regenfuss*, 28 Wis. 144, 147; *Allen v. Megguire*, 15 Mass. 490.

But it is urged that the statute extends the liability of the garnishee to cases in which he would not be liable to an action by his creditor. This claim is well founded. The statute provides that the garnishee shall stand liable to the plaintiff to the amount of the personal property, money, credits, and effects in his hands belonging to the defendant, and the amount of his own indebtedness to the defendant then due, or to become due, and not by law exempt from sale on execution. See sec. 3719, R. S. And the provision for judgment against the garnishee contains a similar provision. See sec. 3725, R. S.

The only other question in the case, therefore, is whether there was anything "*to become due*" from the garnishee to Phillips, on the 28th of August, when he was served with the garnishee summons, within the meaning of the statute above quoted? We think this question has been answered by this court against the claim of the appellant. In *Bishop v. Young*, 17 Wis. 47, 53, the present chief justice, in speaking of the construction to be given to the language of the statute above quoted, says: "And the ' debts due or to become due,' evidently relates to such as the garnishee owes absolutely, though payable in the future. We have no idea the statute intended to include in the language ' to become due ' a debt which might possibly become due upon a performance of a contract by the defendant in attachment.

. . . There was nothing absolutely due him at the time of service of garnishee process upon the respondent. And whether anything would become due, depended upon a contingency." See, also, *Smith v. Davis*, 1 Wis. 447; *Huntley v. Stone*, 4 Wis. 91. Under the evidence in the case at bar there was nothing due absolutely from the garnishee to Phillips, when he was served with the garnishee summons. The evidence clearly shows a hiring by the month for a salary to be paid at the end of the month, and according to the decisions of this court the contract is an entirety. Phillips could not recover any part of his wages unless he worked the whole month. If Phillips had quit work on the 29th, he could not have recovered any part of his wages for the month. The debt, therefore, would only become due upon the contingency that Phillips continued to work for the garnishee for the entire month. See *Gordon v. Brewster*, 7 Wis. 355; *Lee v. Merrick*, 8 Wis. 229; *Jennings v. Lyons*, 39 Wis. 553; *Diefenback v. Stark*, 56 Wis. 462; *Koplitz v. Powell*, 56 Wis. 671.

It can make no difference as to his liability whether the summons was served on the 28th day of the month or on the second. In either case whether anything would become due depended upon Phillips working the entire month; and if the garnishee is liable when served on the 28th, he would be equally liable if he had been served on the second, if it appeared on the trial that Phillips had worked the entire month. See, also, upon this subject, *Hancock v. Colyer*, 99 Mass. 187; *Knight v. Bowley*, 117 Mass. 551; *Wood v. Partridge*, 11 Mass. 488; *Wyman v. Hichborn*, 6 Cush. 264. There is nothing in the case of *Jones v. St. Onge*, 67 Wis. 520, which in any way changes the rule laid down in the cases above cited in this court.

*By the Court.*— The judgment of the county court is affirmed.