WILLIAM H. SMITH, (garnishee of Harvey I. Sill,) *Plaintiff in Error,*

1     447
59 LRA 375n

*vs.*

ROBERT DAVIS, for the use of Joseph L. Ehle, *Defendant in Error.*

ERROR TO THE KENOSHA COUNTY COURT.

To render a person liable as garnishee, he must have in his possession, belonging to the defendant, " property, money, credits, or effects," or he must be indebted to the defendant, in the original suit.

When, according to a contract for the payment of a job of work, thirty dollars was to be paid in groceries and provisions as the work should progress, the amount becoming due from time to time is in proportion to the progress made in the job.

A contract to pay for a job of work, as follows : thirty dollars in groceries and provisions, as the work should progress, and, at the completion of the job, the remainder in a rockaway carriage, nothing but the groceries and provisions are payable until the job is completed.

This is a contract for payment in specific articles, and cannot be converted into a money demand by the garnishee process, without default on the part of the payor.

The contractor has a right to insist upon the completion of the job, and he cannot be called upon to pay a quantum meruit before its completion to a creditor of the workman, by means of the garnishee process.

A person summoned as garnishee, may make a bona fide advance or loan to the defendant, after service of the garnishee process.

This case arose under the garnishee process provided by the Revised Statutes. It was originally commenced in a Justice's Court, judgment was rendered against the defendant in error, taken by appeal to the County Court, where the judgment of the justice was affirmed, and thence brought here by writ of error. The case is fully stated in the opinion of the court, and also the points made by counsel in the argument at bar.

*J. R. Doolittle*, for the plaintiff in error.

*F. S. Lovell*, for the defendant in error.

*By the Court*, SMITH, J. The plaintiff in error appeared, April 14th, 1851, pursuant to a garnishee process, before a justice of the peace, and answered in substance, that he was not indebted to Harvey I. Sill, the defendant in that court, and had no property in his hands or possession belonging to him. Upon his further answer, and other evidence submitted, it appeared, that Sill had agreed to do a job of work for the plaintiff in error for one hundred and fifty dollars, to be paid as follows: As the work should progress, thirty dollars in groceries and provisions to live upon, when called for by Sill, and the remainder in a rockaway carriage, to be delivered on the completion of the work. The plaintiff in error had paid twenty-four dollars in such articles and the work was about, not quite, one-fourth done on the 15th of March, 1851, the time when the garnishee process was served. Sill had drawn from the store of Colwell on account of Smith subsequent to the service of the garnishee process, by way of advance, fifteen dollars.

On the 17th day of March, 1851, Sill assigned his contract to one Foster, who undertook to complete the work. The justice rendered judgment against the plaintiff in error for twelve dollars and forty-two cents. The case was taken to the County Court, where the judgment of the justice was affirmed. To reverse which, this writ of error it brought.

It is contended by the plaintiff in error that the judgment of the justice, and of the County Court affirming the same, is erroneous, because, it is a judg-

ment for the recovery of money, when the debt due, if any, was payable in specific articles, and he cites *R. S. Chap.* 88, *Sec.* 130.

2d. That there was no debt due or to become due beyond contingency from the plaintiff in error to Sill, and therefore the judgment is erroneous. *R. S. Chap.* 88, *Sec.* 115; 4 *Mass.* 102; 19 *Vermont, R.* 399; 3 *Pick.* 65; 21 *Vermont,* 301; 3 *Met.* 301; 7 *Mass.* 438; 2 *Cush.* 390.

It is not necessary, in this case, to enter into a discussion of the garnishee process at length. Unquestionably, there are difficulties attending the administration of the statute in this respect. But the principles upon which the present case should be adjudicated are well settled. To render a person liable as garnishee, he must have in his possession belonging to the defendant, "property, money, credits or effects," or, he must be indebted to the defendant.

By the terms of the contract entered into between the plaintiff in error and Sill, nothing became due, or would become due to Sill, until the completion of his job of work, except thirty dollars payable in groceries and provisions, as the work should progress.

The time or times when, and the amount at each time, which Sill had the right to draw in groceries and provisions, are not stated in the contract, only, that the amount of thirty dollars was to be thus paid as the work should progress. Equitably and legally, therefore the amount from time becoming payable, should be in proportion to the progress made upon the job of work. At the time of the service of the garnishee process on the plaintiff in error, he had already paid Sill twenty-four dollars of the thirty to

29

be paid in groceries, and the job was not one-fourth done. He was not therefore, indebted to Sill upon that branch of the contract.

The remainder of the contract price, to wit, the rockaway carriage, did not become due until the completion of the work.

As nothing was due or demandable by Sill, of the plaintiff in error, at the time of the service of the process upon him, the advance of fifteen dollars in groceries to Sill could no more lay the foundation for a claim by the creditor of Sill, than would the loan of that sum in money. At the completion of the contract, any balance due to him might be subjected by this process, but most certainly it was not in the power of Sill's creditor to suspend or interrupt the fulfilment of his contract with the plaintiff in error, by means of the garnishee process, and claim a quantum meruit on the work already performed. The plaintiff in error had a right to insist upon its entire performance, and was only answerable, at its completion, except for the amount he was to pay during its progress, which it appears by the evidence, he had already paid.

But there is another, irretrievable error in the judgment of the court below. The liability of the plaintiff in error, by the terms of the contract, was not in any event for the payment of money.

The value of thirty dollars was to be paid in groceries and the remainder by the carriage.

The garnishee process has not yet attained to the power of converting a contract for a delivery of specific articles into a contract for the payment of money, without default on the part of the contractor or pro-

missor. Here had been no demand and refusal ; no
neglect or failure on the part of the plaintiff in error
to deliver the groceries and provisions according to
the terms of his contract ; no order by the justice for
their delivery, and it is difficult to perceive in what
manner, the liability of the garnishee for the payment
of specific articles can be thus converted into a money
demand without his consent and without default on
his part.

The cases cited by the plaintiff in error, were authority at all necessary, are conclusive in this case, especially the case in 3 *Met.* 301.

The judgment of the County Court and the judgment of the justice must be, and the same are hereby reversed with costs.