PeaksoN, J.
 

 His Honor did not consider it material to be determined, whether McCauley, received the $190 as the agent of Cheek or not. According to the view we take of the case, this was a very material matter, and- was, in fact, the point upon which the liability of Webb, as garnishee, depended. If McCauley received the $190 as the agent of Cheek, then the debt of Putzell to Cheek was extinguished, and the $190 was the property of Cheek, which Webb was liable to be called upon to account for, at the instance of the plaintiff, who was a creditor of Cheek. If McCauley did not receive the $190 as the agent of Cheek, then the debt due by Putzell to Cheek was not extinguished, and remained a.s a subsisting debt, until Cheek did some act whereby to ratify and adopt the act of McCauley in receiving the money, so as to-extinguish the debt and make-the money his own.
 

 This principle is settled in
 
 Carroway
 
 v.
 
 Cox,
 
 Busb. Rep. 173. If a debtor hands money to a third person, who promises to hand it to the creditor, the right to the money does not vest in the creditor, so as to make it his property, until he is notified of the transaction and agrees to adopt the act of the
 
 *201
 
 third, person, in receiving the money, as his own act; whereby the debt is to be extinguished. •
 

 There was error in giving judgment against "Webb in the absence of proof that McCauley had received the $190 as the agent of Cheek
 

 Pee Curiam. Judgment reversed.