Oscar Webber et al. v. Charles G. Bolte et al., Building committee of St. Peter's Catholic Church of Ionia.

*Garnishment—Laches—Amendment of declaration as to initials—Contingent claims.*

Pendency of a cause for fifteen months will not, of itself, warrant the dismissal of garnishment proceedings if the defence have raised no question of laches.

An amendment to a declaration on a promissory note so as to show the full name of defendant instead of the initial by which he had signed the note, should be allowed at any time if there is no question of identity.

Garnishment process cannot reach sums that will not come due until the performance of a contract at some future time; and claims for the payment of such moneys are not "contingent" within the reason of Act 256 of 1879, which permits contingent claims to be garnished.

Error to Ionia.  (V. H. Smith, J.)  June 8.—June 20.

Garnishment.  Plaintiffs bring error.  Reversed.

*A. A. Ellis* for appellants.

*Mitchel, Bell & McGarry* for appellees.

Cooley, J.  Two of the questions which were argued in

this case seem to us to require no discussion, and we simply announce our conclusions.

1. The court should not have dismissed the case against the garnishees. The ground of the dismissal was delay in the proceedings. The case was begun September 16, 1881, and was being tried in December, 1882, when the trial judge on his own motion dismissed it, relying upon *Blake v. Hubbard* 45 Mich. 1, for his authority. The defense raised no question of laches, and it is shown that jury trial had been demanded, and it could not have been tried at the preceding August term because no jury was summoned for that term.

2. The plaintiffs should have been allowed to amend the proceedings against the principal defendant so as to show his name in full. He had been sued upon promissory notes in the name by which he signed them, J. V. Consaul. The plaintiffs proposed to amend by substituting Jacob for J. No question of identity was made, and the amendment should have been permitted at any time when it was found important.

3. Upon the main question we think both parties have been laboring under some misapprehension. Consaul had contracted with defendants for the erection of a church building which was to be completed November 1, 1881. The contract price was $8563. Payments were to be made as the work progressed, to the amount of ninety per cent. of the estimates, and the balance after completion. A forfeiture was agreed upon in the event that the work was not done by the time stipulated. When the suit in garnishment was begun defendants had made large payments, and they insist that nothing was then due from them to Consaul. Plaintiffs dispute this, but they claim that whether that was so or not, they had a right to hold the defendants for anything that might subsequently become owing to Consaul for work done by him under the contract. This claim is made under an amendment to the garnishment statute, which provides that the garnishee shall " be liable on any contingent right or claim against him in favor of the principal defendant. "

Public Acts 1879, p. 270. Consaul's right, it is said, was contingent on his performing his contract; so that the case is within the very words of the statute.

The case may seem to be within the words of the statute, but it is not within its intent or reason. To permit garnishment upon such claims would be a most unwarrantable interference with the contracts of third parties, and must in many cases deprive them of substantial rights. It would be especially mischievous in the case of building contracts; for in a very large proportion of all cases of such contracts, the means for their fulfillment must be obtained from payments on the estimates; and if these can be garnished in advance, performance would be rendered impossible. This would be a great hardship to the debtor, but it would be quite as much so to his employer, who might have his arrangements broken up and serious injury inflicted without on his part any fault whatever.

No doubt the employer has a claim in such a case that the builder shall perform his contract; but the contingency on which money is to be payable is one depending on the subsequent earning of money. It is therefore a contingency depending on the will and ability of the debtor to earn money; a will which it may generally be assumed will not be exerted where earning is not to be followed by enjoyment. If there is a contingent claim here, so there is when a laborer hires out for a year to be paid at the end of the year; and his creditor may garnish the claim as soon as the hiring takes place. It would be a safe assumption that very little labor would be done under the hiring after the claim was garnished.

Whatever, if anything, was due at the time the process was served in this case, the plaintiffs are entitled to reach. The ten per cent. kept back as security for final performance might perhaps be considered a sum already contingently earned; but no question upon that can arise in this case, as it was conceded that Consaul did not complete his contract. The question of fact, then, is narrowed to this: whether the ninety per cent. to which Consaul was entitled

on the estimates, exceeded at the time this case was begun
the amount which had been paid to him up to that time.
Upon that question the parties are entitled to produce their
evidence.

The judgment must be reversed with costs and a new
trial ordered.

The other Justices concurred.