## No. 12,706.

J. A. FAY & EGAN COMPANY vs. OUACHITA EXCELSIOR SAW AND PLANING MILLS, LIMITED; HIRSCH & GATHRIGHT, GAR- NISHEES.

50 205
51 1709

1. Attempted seizure by garnishment process of rights of judgment debtor under an existing contract. Unsatisfactory answers of garnishees and rule to traverse.

2. Because the interest of judgment debtor could not be definitely determined at trial below, *non constat* that there may not be an eventual right or interest in

or flowing from the contract, which is still in force and operation, accruing, or to accrue, to the debtor at the time of termination thereof and then ascertainable, which may be made available under the seizure.

3. Instead, therefore, of decreeing against plaintiff and releasing garnishees, final disposition of case should have been postponed until termination of contract, with reservation of plaintiff's rights under the seizure.

APPEAL from the Fifth Judicial District Court for the Parish of Ouachita. *Pott, J.*

*A. A. Gunby* for Plaintiffs, Appellants.

*Stubbs & Russell* for Garnishees, Appellees.

Argued and submitted February 23, 1898.
Opinion handed down March 7, 1898.

The opinion of the court was delivered by

BLANCHARD, J. Plaintiffs, judgment creditors of defendants, caused execution to issue and cited Hirsch & Gathright as garnishees, under allegations that they were indebted to defendants and had in their possession property belonging to defendants, or in which they had an interest, propounding to the garnishees interrogatories touching this indebtedness and possession of property.

To the answers returned by the garnishees to the interrogatories, plaintiffs objected and took a rule to traverse and for judgment over against them for the amount of their claim.

From an adverse decision on the trial of this rule, plaintiffs appeal.

Their judgment against defendants is dated March 5, 1897.

On April 17, following, the defendant corporation and Hirsch & Gathright entered into a business agreement and contract.

Out of this contract, it is claimed, grew the relationship of debtor and possessor of property on the part of Hirsch & Gathright, toward the corporation, upon which is predicated the garnishment proceedings against them.

The contract had been in force just two months when Hirsch & Gathright were cited as garnishees.

They returned their answers ten days later, or on the 29th June, 1897.

The case turns on the construction of the contract, the provisions of which are substantially as follows:

Hirsch & Gathright owned five thousand saw-logs afloat in the Ouachita river, with facilities for the acquisition of more. They desired to have these logs and others to be acquired sawed into lumber. For this purpose they were to deliver the logs at the mill of defendant company. The term of the contract was one year and all logs acquired by the garnishees IN that time were to be included in it. For the purposes of the contract the logs were to be valued at three dollars per thousand feet, log measure, when delivered. The mill was to manufacture the logs into lumber, and dry and load the timber on cars for shipment according to the orders of the garnishees. For this service the mill was to be paid three dollars and fifty cents per thousand feet, lumber measure. The sale and disposal of the lumber devolved exclusively on the garnishees, and out of the price received therefor they were to retain, first, three dollars per thousand feet, value of the timber, and, next, pay over to the mill three dollars and fifty cents per thousand feet, cost of sawing, drying and loading the timber on the cars. Should the lumber sell for a price exceeding six dollars and fifty cents per thousand feet, twenty-five per cent. of such excess was to be retained by the garnishees as credit on an indebtedness due them by the mill for advances theretofore made by them, and the remaining seventy-five per cent. was to be paid over to the mill. It was stipulated that the delivery of the logs was not to be considered as a sale or transfer of any property interest in them to the mill, and the mill was not to become the owner of the lumber manufactured therefrom, and its interest in the logs was confined to the amount mentioned as compensation for sawing, drying and loading on the cars for shipment. The account for the sale of the lumber to be rendered by the garnishees to the mill people on the 10th of each month for all sales to such date, and the amount due the mill as compensation for the manufacture and shipment of the lumber was to be paid by the garnishees on demand, less the amount of current advances which they might make to the mill to pay the expenses of operating the same. While the contract was for one year, either of the parties thereto could withdraw from the same on thirty days' written notice.

Following the execution of the contract the mill, under the same management and without any apparent change, proceeded to saw up

the logs furnished by the garnishees, the lumber from which was shipped in their name and under their orders, sold and the proceeds received by them.

The seizure under the garnishment process did not and could not put an end to the contract, and the arrangement thereunder has continued in force and operative. At least it was so down to the time the judgment herein was rendered, October 16, 1897, and there was no suggestion in argument, and none in the briefs, that since then it has ceased to be operative, or that either party has withdrawn therefrom after the thirty days' notice provided for. It is proper to assume, therefore, that the intent and purpose of the contract is still being carried out, that the garnishees are still supplying the means to operate the mill and logs to be sawed, and that the mill is still sawing lumber and loading it on the cars for shipment and sale by the garnishees, and that this will continue down to the end of the contract period, April 17, proximo, a little more than one month hence.

In the view we take of the case as presented, we do not find it necessary at this time to pass upon the character of the contract under consideration, to decide whether it be a contract of lease or sale, or partnership, or merely one of employment of the mill by the garnishees to saw their logs into lumber and dry and load the same into cars.

Whichever or whatever it be, the judgment debtor had an interest therein, or rights growing out of the same, which might well be the subject of seizure by the judgment creditor.

It may be that this interest, or these rights, could not be definitely determined when the case was tried below, and that, therefore, no judgment could be rendered therefor at that time against the garnishees.

But this does not preclude the possibility or even probability of an eventual or residuary right or interest in the contract, or flowing therefrom, accruing to the judgment debtor at the time of the termination thereof, which was sequestered under the seizure and may be made available for the payment or part payment of plaintiff's judgment.

It was not simply what the mill was actually entitled to receive from Hirsch & Gathright at the moment of the levy under the writ

that was seized, but also whatever amount should or would be due it on final adjustment and settlement of the contract affairs.

The seizure covered all the rights of the mill and obligations of the garnishees that might accrue under the contract, as well as those existing at the time of seizure. The petition invoking the garnishment process explicitly declares: "For the purpose of garnisheeing and seizing the indebtedness and obligations of said Hirsch & Gathright, under the contract aforesaid, petitioner propounds the following interrogatories," etc., and among the prayers of the petition is one "for the sum that may be found to be due to the Ouachita Excelsior Saw and Planing Mills, Limited." And in the petition for rule to traverse the answers of the garnishees, the distinct claim is made that under the garnishment process plaintiffs had seized in the hands of the garnishees "all they might owe under the contract * * * either at the time of the seizure or subsequent thereto."

The notice of seizure served by the sheriff on the judgment debtor recites, among other things, that he had seized in the hands of Hirsch & Gathright all moneys, obligations, profits or remuneration which said firm may owe the judgment debtor under the contract between them or otherwise.

Instead, therefore, of a final judgment against the plaintiffs on their proceedings in garnishment against Hirsch & Gathright, and dismissing the latter with a decree in their favor, the final disposition of the case should have been postponed until the contract between the judgment debtor and the garnishees had run its period, or was otherwise terminated, with full reservation of plaintiff's right at that time to a full and explicit accounting, adjustment and settlement of affairs under and proceeding from the contract, including the right to oppose all items of debit and credit, the necessity and reasonableness of all advances, whether of supplies or money, made and received, of all labor employed, of all payments made for salaries and on labor account, etc., and with recognition of plaintiff's right to then make amenable to the satisfaction or part satisfaction of their judgment whatever might be found justly due the judgment debtor, if anything, on this accounting and settlement, which would likewise take into consideration and subject to the scrutiny and opposition of plaintiffs the shipments and sales of lumber, the expense account thereof, etc., under the contract. And experts and auditors might be called in and appointed by the court to examine the

14

accounts, ascertain the true situation and determine what amount, if any, was due the mill on final settlement, submitting their report as the law directs. C. P. 442, 443, 446 *et seq.*

For the reasons assigned it is ordered and decreed that the judgment appealed from be annulled, avoided and reversed, and that this cause be remanded to the court below to be proceeded with according to the views herein expressed, and the law, costs of appeal to be borne by the garnishees, appellees.

NICHOLLS, C. J., dissents.