MUNDT and another, Appellants, vs. SHABOW, Garnishee, Respondent.

*December 16, 1903—January 12, 1904.*

*Garnishment: "Debts due or to become due:" Building contracts: Liability of owner.*

A judgment debtor contracted to erect a building on the premises of the garnishee defendant for $1,005, under a contract whereby the garnishee was to pay the laborers and material men as the work progressed, on the contractor's orders, and any sum, over such payments for labor and material, remaining unpaid was to be paid the contractor on the completion of the building.   The garnishment papers were served while the work was in progress, and over two months before the building was completed.   *Held*, that the contract for the erection of the house was an entirety, and, when the garnishment was served, there was nothing absolutuely due nor a liability payable at a future time.

APPEAL from a judgment of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge.   *Affirmed.*

In January, 1900, an oral contract was made between John Meidam, the principal defendant herein, and *William Shabow*, garnishee herein, for the erection of a dwelling house,

complete, for the sum of $1,005, which was to include the cost of all the material and labor. The workmen and materialmen were to be paid by *Shabow* from time to time as the work progressed, upon the consent or order of Meidam. On the completion of the house, and after all the bills were paid, the balance, between the amounts paid for material and labor and $1,005, was to be paid to Meidam. April 22, 1900, the plaintiffs obtained judgment against Meidam for the sum of $257.81 damages and costs. On June 20th *Shabow* was garnished in this action. The construction of the house was not completed until August or September. On October 6, 1900, *Shabow* had paid for labor and materials, on orders received from Meidam, the sum of $1,004.43, and had also some time prior to June 20th advanced to Meidam the sum of $20. Among the amounts paid by *Shabow* for material, after June 20th, were $231.90 for lumber, July 28th, and $182.99 for hardware, September 17th. The time within which liens for material furnished and labor rendered could be filed had not expired when the garnishment was served.

The cause was submitted for the appellants on the brief of *Joseph Roemer* and *Theo. Berg,* and for the respondent on that of *Albert H. Krugmeier.*

SIEBECKER, J. Was the garnishee, *Shabow,* indebted to Meidam, the judgment debtor, or had he property in his possession or under his control belonging to Meidam, when the garnishment process was served? The facts are practically undisputed. It appears from the finding of the trial court that the garnishee defendant, *Shabow,* and John Meidam made an oral agreement whereby Meidam agreed to build a house for *Shabow* for the sum of $1,005; that this sum was to be payment in full for all material and labor required to complete the building; that *Shabow* was to pay for the labor and material as the work progressed upon the order and direction of Meidam, and, if any sum remained due on this

contract above the amount paid for labor and material, Meidam was to receive it. The house was not completed until about September 1, 1900. The court held that the garnishee sustained no liability to the judgment creditor on this contract at the time the garnishment was served. The contract made between the parties required complete performance on the part of Meidam before any sum was due him, and *Shabow* owed nothing on the contract June 20th, except such amounts as he had obligated himself to pay for labor and material. While the house remained unfinished, no ground of liability in Meidam's favor existed. This court has repeatedly held that a garnishee is not liable unless it appears that he is absolutely liable to the principal defendant when the garnishment is served. The "debts due or to become due" under sec. 2768, Stats. 1898, relate to such as the garnishee owes absolutely, and have been construed to cover debts which are an absolute liability, though payable at some future date. *Smith v. Davis,* 1 Wis. 447; *Bishop v. Young,* 17 Wis. 46; *Foster v. Singer,* 69 Wis. 392, 34 N. W. 395; *Vollmer v. C. & N. W. R. Co.* 86 Wis. 305, 56 N. W. 919; *Evans v. Rector,* 107 Wis. 286, 83 N. W. 292. The contract between Meidam and *Shabow* must be held to be an entirety, and when the garnishment was served there was nothing absolutely due nor a liability payable at some future time.

*By the Court.*—The judgment of the circuit court is affirmed.