THE CUNNINGHAM LUMBER COMPANY vs. THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

Third Judicial District, New Haven, January Term, 1905.
BALDWIN, HAMERSLEY, HALL, PRENTICE and SHUMWAY, Js.

Under a written contract for labor and materials which makes no provision as to the time of payment, nothing is due until the contract is performed.

Partial payments upon such a contract, made as a favor to the payee during the progress of the work, do not necessarily and as matter of law change the contractual relations of the parties and create an indebtedness which can be garnisheed prior to the fulfilment of the contract.

Argued January 26th—decided March 9th, 1905.

ACTION of *scire facias* against a garnishee, brought to and tried by the Superior Court in New Haven County, *Case, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff. *No error.*

*James H. Webb* and *Arnon A. Alling,* for the appellant (plaintiff).

*John W. Bristol* and *Samuel H. Fisher,* for the appellee (defendant).

SHUMWAY, J.    The plaintiff in this action of *scire facias* brought a civil action against Frederick P. Mayo, by a writ and complaint dated December 2d, 1898, and in that action the defendant in this action was served with the process as the trustee and debtor of Mayo. Afterwards, the plaintiff in the original action procured two supplemental orders of attachment in which the defendant in this action was also made a garnishee, and those orders were duly served on December 13th, 1898, and December 20th, 1898. No question is made as to the legality of those attachments in respect to form or service; therefore any debt due from this defendant to Mayo, at the time of service, was secured thereby in the hands of the defendant to pay any judgment the plaintiff might recover in the original civil action, under the provisions of General Statutes, 1888, § 1231, Rev. 1902, § 880.

The plaintiff obtained a judgment against Mayo on December 10th, 1901. Upon the execution issued thereon it caused demand to be made for any money in the hands of this defendant belonging to Mayo. The defendant refused to pay said execution or any part of it. Thereupon the plaintiff instituted this action of *scire facias* against this defendant.

The single issue is presented, whether the defendant was indebted to Mayo, either on December 2d, December 13th, or December 20th, 1898, in such form that the debt may be

said to be due within the meaning of the statute above men-
tioned.

The trial court has found this issue for the defendant, and
the plaintiff appeals, assigning as error that judgment should
have been for the plaintiff upon the facts found.

Under the statute, in an action of *scire facias* in consum-
mation of an action begun by process of foreign attachment,
there really can be no issue reaching the merits of the action
other than the one whether or not the defendant in *scire
facias* was indebted to the defendant in the original action
at the time of service. So far as this is a question of fact
in the present action, the trial court has explicitly found
that there was no indebtedness from the defendant railroad
company to Mayo at that time. If this question is one of
pure fact, the finding would dispose of the case in this court,
because, upon the facts found, the judgment rendered was
the only proper one. But if the finding of the trial court,
that there was no indebtedness from this defendant to Mayo,
is treated as a conclusion of law, or a legal inference from
the other facts appearing in the record, it is necessary to
consider those facts to ascertain whether the conclusion
of the trial court is justified.

It appears from the record that Mayo, on May 23d, 1898,
entered into a written contract with the defendant railroad
company to do the work and furnish the materials detailed
in certain plans and specifications, for the sum of $18,600,
such work to be done in repairing and widening a wharf;
and he, Mayo, further agreed that he would complete the
work on or before September 1st, 1898, and to the acceptance
and satisfaction of said company, and also, if the defendant
decided to build any addition to the wharf before the work
called for by the plans was completed, he would build such
addition for forty cents per square foot; and that if the
railroad company desired more piles driven than called for
by the plans, he would furnish, drive and finish them for $7
each. No other agreement was made between the defend-
ant and Mayo prior to December 20th, 1898. On or about
July 1st, 1898, Mayo entered upon the performance of the

contract and continued the work until about December 15th, 1898, when, before it was completed, he abandoned it, and never thereafter completed it.

If this was all that appeared upon the record, the judgment appealed from would not be questioned. The decision of this court in *Coburn* v. *Hartford*, 38 Conn. 290, would clearly control this case. This seems to be conceded. The contract as written makes no provision as to the time when payment is to be made; therefore nothing is due thereon until it is performed, and the plaintiff secured nothing by the foreign attachment.

But the plaintiff contends that it appears upon the record that the written agreement is not all of the contract between the railroad company and Mayo; that the conduct of the parties with respect to payment shows that it was agreed between them that periodical inspections and measurements of the work done upon the wharf should be made and the amount of work done and materials furnished should be estimated, and thereupon the proportion in value which the part of the work done bore to the contract price for the whole, should be paid to Mayo; and that one of the periods fixed for estimate and payment was December 1st, 1898. To quote from plaintiff's brief: "Whether the contract should be interpreted in the light of what the parties did, or whether the conduct of the parties under it was itself a modification of the claimed law with reference to it, the contract as it was carried out was not a contract by which the entire sum of $18,600 was only to be paid at the completion of the work." This conduct of the parties in carrying out the contract, so far as it has any bearing upon its interpretation, or as it may assist in ascertaining the agreement of the parties in respect to the payment to be made thereunder, centers around the facts found in connection with three vouchers of the railroad company, produced upon the trial and found in the record as Exhibits *C*, *D* and *G*. It appears that in September and October, 1898, the sum of $3,048.17, and in the month of November, 1898, the sum of $3,825.70, was paid to Mayo. These sums were paid as part of the

contract price, and were the estimated value, less ten per cent. and some freight charges, of the work done and materrials furnished under the contract up to September 1st, and November 1st, 1898, respectively.  On December 1st, 1898, an estimate was made of the work done up to that date, amounting, less ten per cent., to $4,927.50 ; but this latter sum was not paid when the attachment was made.  It also appears that these estimates and payments were made at the request of Mayo and as a favor to him.

These are the facts of record.  For the present purpose this court is dealing with facts found, not evidence.

To sustain the plaintiff's contention, it must be held as a matter of law that the contract between the railroad company and Mayo, which, according to its legal import, provides for the payment of the contract price only when the contract was performed, has become a contract to make periodical payments as the work progressed, because one of the contracting parties had made two partial payments, and contemplated a third, as a favor to the other.  Such a legal conclusion should not be drawn.  The fact to be proved by the plaintiff in this action is that there was a debt due from this defendant to Mayo on some one of the dates when the attachment was made, which debt was, by such attachment, secured to pay the judgment against Mayo.  The conduct of the parties subsequent to December 20th, 1898, is therefore to be regarded merely as evidence of the actual contractual relations existing between the defendant and Mayo on or before that date.  The record shows that a new contract was made on January 26th, 1899, between the defendant and Mayo.  By this contract the defendant agreed that it would complete the work to be done under the contract of May 23d, 1898, and would pay certain indebtedness of Mayo incurred in the partial performance of the contract; that the amount paid by the defendant for the purposes named, together with the partial payments already made, should be deducted from the original contract price of $18,600; and that there should be added thereto the cost of extra work, and the balance thus found should be paid to Mayo at the

completion of the work. It also appears that under this latter contract, in an account made up as of June 9th, 1899, there was due Mayo $3,636.67, including therein the sum of $338.11 for extra work. This transaction throws no new light on the situation on December 20th, 1898. The estimate of December 1st, states approximately the work done on the contract at that time, and the value of the same. The conduct of the parties in relation to the contract of January 26th, 1899, tends to show, if anything, that they regarded the contract of May 23d, 1898, as providing for the sum due under the contract to be paid only when it was fully performed.

But the plaintiff claims that in the account stated June 9th, 1899, there is credited to Mayo the sum of $338.11 for extra work, and, as Mayo did no work after December 15th, this sum was therefore due and payable on the date of the last attachment.

There is nothing in the record to indicate when the extra work was done, though presumably before December 15th, 1898, and nothing to show it was not included, and paid for, in one of the partial payments. However, if the attention of the trial court was called to this item, it may have found that it had been paid, or made some ruling consistent with the general conclusion that nothing was due from the defendant to Mayo. At least this court cannot assume that the item for extra work was disposed of erroneously to the plaintiff's harm.

There is no error.

In this opinion the other judges concurred.