[Civil No. 1729.   Filed June 3, 1920.]

[190 Pac. 79.]

MRS. THOMAS ALLAIRE, as Administratrix of the Estate of THOMAS ALLAIRE, Deceased, Substituted, Appellant, v. LAUREL ·CANYON MINING COMPANY, a Corporation, Defendant, and THE FIRST NATIONAL BANK OF GLOBE, a Corporation, Garnishee, Appellees.

1. GARNISHMENT—WHEN BANK DEPOSIT FOR DISTRIBUTION AMONG CREDITORS SUBJECT TO GARNISHMENT STATED.—Where money was placed with a bank by a debtor for distribution *pro rata* among creditors, such money was subject to garnishment if the bank was holding it as the agent of the debtor, subject to orders that it could subsequently give to the bank as to the disposition of the money; but if the bank was holding the money as a trustee for the use and benefit of the creditors, who expressly or impliedly assented to such arrangement for their benefit, such creditors having a vested interest in the money in the trustee's hands, it was not subject to garnishment, under Civil Code of 1913, paragraph 1427, et seq.

2. FRAUDULENT CONVEYANCES—CREDITOR ACCEPTING PAYMENTS FROM TRUSTEE FOR CREDITORS COULD NOT GARNISHEE.—Where a creditor was notified that debtor had placed certain credits with a bank, to be collected and distributed *pro rata* between the creditors, and acquiesced therein to the extent of accepting dividends, he cannot assume an inconsistent position and attempt to forestall other

---

1. On garnishment of bank deposit in a form importing that depositor is acting as agent or fiduciary, see notes in 10 L. R. A. (N. S.) 706, and 34 L. R. A. (N. S.) 1207.

1.  Money standing in name of debtor but belonging to third person as reachable in garnishment proceedings, see note in Ann. Cas. 1917C, 1145.

creditors by proceeding against the bank in garnishment on a judgment in his favor subsequently obtained, even though the transaction was designed to hinder and delay creditors; such party impliedly becoming a party to and being benefited by the transaction.

APPEAL from a judgment of the Superior Court of the County of Graham.  A. G. McAlister, Judge. Affirmed.

### STATEMENT OF FACTS.

Thomas Allaire commenced this proceeding of garnishment on a judgment in his favor against the Laurel Canyon Mining Company, serving the First National Bank of Globe as garnishee.  The garnishee made its answer, showing that the Laurel Canyon Mining Company, judgment debtor, prior to the service of the writ of garnishment, had empowered the bank, in writing, to receive from lessees of the debtor's mines all payments of rent as they accrue on its mines to the amount of $25,000 during the five-year term of lease, ending on the eleventh day of June, 1920, as the same become due, and distribute said money to all the creditors of the said defendant, Laurel Canyon Mining Company, *pro rata;* that the bank, at the time of making its answer, had in its possession for disbursement to the said creditors the sum of $2,077.14, and many thousands of dollars yet remain to be paid on rent, and, if paid, to be distributed as aforesaid; that the bank is not indebted to the defendant, and has no effects, property, or shares of stock in its possession or under its control belonging to the defendant.

The plaintiff filed an affidavit controverting the answers of the garnishee, and tendered an issue in garnishment, alleging that the said agreement set forth by the bank is in violation of law and void, for the reason it was made for the purpose of hindering, delaying and defrauding the creditors of the defendant mining company, and as a consequence the

money the garnishee bank admits in its answer to be in its possession belongs to the defendant Laurel Canyon Mining Company and is subject to the garnishment, and therefore to be applied to the plaintiff's claim. The court, after hearing oral testimony, disallowed plaintiff's contention, and decided the issue in favor of the garnishee, and discharged the bank with its costs. From the order discharging the garnishee, the plaintiff appeals.

Since this appeal was filed in this court, the death of Thomas Allaire has been suggested, and the administratrix of his estate has been substituted as party appellant.

Mr. E. L. Spriggs, for Appellant.

Mr. L. L. Henry, for Garnishee, Appellee.

CUNNINGHAM, C. J. (After Stating the Facts as Above.)—The issue joined and tried involved the inquiry whether or not the money paid to the bank by Ruff and Carlson, lessees, as payment of rent on a lease for the occupation of mines belonging to the Laurel Canyon Mining Company, received by the bank and paid to the bank pursuant to instructions of the Laurel Canyon Mining Company, and held by the bank to be distributed to the creditors of the Laurel Canyon Mining Company *pro rata*, subjected the bank to the garnishment process as one indebted to the defendant mining company while holding such money—$2,077.14—for distribution among the creditors of the defendant mining company.

Of course, the question whether the money in the bank is liable to the garnishment depends upon the inquiry as to whether the bank was holding the money for the defendant as its agent or bailee or other like relation, or whether the bank was holding the money as the trustee of the creditors of the defendant min-

ing company, over which the mining company had no control. If the garnishee bank was holding the money as the agent of the defendant mining company, subject to orders the mining company could subsequently give to the bank directing the disposition of the money, then the bank was the agent of the defendant company, and its discharge from the garnishment process was erroneous. Otherwise, if the bank was holding the money as a trustee for the use and benefit of the creditors of the defendant company, provided, of course, said creditors had expressly or impliedly assented to such arrangement for their benefit, and accepted the bank as such trustee, then whenever the facts appear that the trustee has been accepted by the creditors—and such facts do appear from the record—such creditors so accepting the changed conditions of payment of their claims thereafter look to the trustee for payment, and they have a vested interest in the money in the trustee's hands to the extent that the same is applicable to their respective claims. The trustee is not then the agent of the defendant debtor, but it is the agent, the trustee, of the said creditors, and owes such creditors, and not the defendant, the money in its possession. This fair principle was applied in *Strayhorn* v. *Webb,* 47 N. C. 199, 64 Am. Dec. 580, and the cases cited in notes.

Under our statutes (chapter 2, tit. 6, Rev. Stats. Ariz. 1913), and as recognized by the garnishment laws generally, to render a person liable to garnishment, he must have in his possession, belonging to the defendant, property, money, credit or effects, or he must be indebted to the defendant (*Smith* v. *Davis,* 1 Wis. 447, 60 Am. Dec. 390), and the Arizona statute, *supra,* gives recourse to shares of stock owned by the defendant in a corporation served as garnishee.

The plaintiff admitted at the trial, through his attorney, that he received *pro ratà* payment on his judgment debt from the bank, as late as the fourth

day of December, 1918. The answer of the garnishee was filed in this matter on the nineteenth day of October, 1918. There are some, although not very satisfactory, statements in the record tending to show that the plaintiff received a dividend payment from the bank prior to December 4, 1918. The fact clearly appears from the record that the plaintiff, Thomas Allaire, was notified of this transaction of the mining company and the bank, and that he acquiesced in the transaction to the extent of accepting a portion of the benefits provided for him by the transaction after, if not before, he commenced this proceeding.

It would be assuming inconsistent positions for the plaintiff to accept dividends under the transaction for a time, and then change his mind and attempt to forestall other creditors similarly situated from receiving their dividends and appropriate an entire fund to the payment of his claim to the exclusion of the other creditors, as well as to the hindering and delaying of the other creditors. Hence, conceding that the transaction was designed to hinder and delay creditors, and for that reason the transaction was liable to be annulled at the suit of a creditor thereby injured, yet neither the plaintiff nor other creditors who accepted a dividend, or other benefits, knowing the same was offered and paid pursuant to the said transaction, can be heard to complain that he has been hindered, delayed or defrauded by that particular agreement, for the reason that such creditor has impliedly become a party to and is benefited by such transaction.

We find no error in the record. The order appealed from is therefore affirmed.

ROSS and BAKER, JJ., concur.