### MOREHOUSE LUMBER & BUILDING MATERIAL CO., Inc., v. JACOB & WALKER.*

No. 4034.

Court of Appeal of Louisiana. Second Circuit.
Feb. 16, 1932.

· Madison & Madison, of Bastrop, for appellant.

Hawthorne & Files, of Bastrop, for appellee.

McGREGOR, J.

This is a suit involving the right of a judgment creditor of a building contractor to garnishee funds in the hands of the owner but due to the contractor on the basis of estimates made from time to time as the work progresses. On December 11, 1929, Jacob & Walker, a building copartnership, and C. N. Storey, the owner of a lot in the town of Bastrop, entered into a contract wherein Jacob & Walker, referred to as the contractors, agreed to build for C. N. Storey, referred to as the owner, a one-story brick veneer residence and a garage, all according to certain plans and specifications attached to the contract. This contract and the bond given as required by law were duly recorded in the mortgage records of Morehouse parish.

In the contract it was agreed that the contractors should "find, purchase and furnish all labor and material of such kind and quality as mentioned in the specifications in such quantity for completion and finishing said building as provided in said specifications and plans." The contract price agreed upon for the completion of the work was $6,000. One of the paragraphs in the contract provides as follows: "The Owner for and in consideration of the Contractors' completion and faithfully executing the aforesaid work and furnishing all the material therefor, agrees to pay to the Contractors a sufficient amount of money to pay for material actually on the ground and labor from time to time as the work progresses, provided no payments or sums of payments exceed eighty-five (85%) per cent. of the contract price, and upon the completion and acceptance of said work and building by the Owner to pay to the Contractors a sufficient amount of money to make the amount of money paid including the amount advanced from time to time as the work progresses, eighty-five (85%) per cent. of the contract price; and thirty (30) days from the date of completion of said work and acceptance of the same by the Owner, to pay to the Contractors the balance due on said contract price."

On January 23, 1930, while the contractors were erecting the building for the owner, the plaintiff, Morehouse Lumber & Building Material Company, Inc., filed suit against the contractors on a promissory note for $819.45, with interest and attorney's fee, less a credit of $100, and judgment was rendered by default as prayed for. It should be mentioned in passing that the indebtedness represented by the note had no connection with the material and labor required for the erection of the building under the contract referred to above.

On February 19, 1930, the plaintiff caused to be issued a writ of fi. fa. on its judgment against the defendants, and at the same time filed a supplemental petition, and caused the owner, C. N. Storey, to be made garnishee and cited to declare under oath in what sum, if any, he was indebted to the defendants. Storey answered the interrogatories propounded to him, and stated that under the terms of the contract between him and the defendants he had, prior to the service of the interrogatories upon him, paid the defendants the sum of $2,210, and that at the time

of·and since·the garnishment the defendants, in accordance with the terms of the contract, had presented to him an estimate under which they are claiming the sum of $214.05, which sum he had recognized as being justly due. He further answered that $6,000 would be due thirty days after the completion of the job, less all payments made from time to time as the work should progress. This sum of $214.05 was held by Storey, the owner, subject to the further orders of the court in the garnishment proceedings.

On March 7, 1930, the defendants answered the supplemental petition of the plaintiff in the garnishment proceedings, and caused a rule to issue directed to the plaintiff and the garnishee, ordering them to show cause why the writs of fieri facias and garnishment should not be set aside and annulled, and why C. N. Storey, the owner and garnishee, should not be ordered to pay to the defendants, contractors, the sum due and owing for labor performed and material furnished in the erection of the building described in the contract between the contractors and the owner.

In their answer to the supplemental petition of the plaintiff and their application for a rule, the defendants set out the terms and conditions of their contract with Storey; that up to February 22, 1930, $2,210 had been received by them, and that on that date there was due to them the sum of $214.05. It was specially alleged that this amount was due and owing for labor performed and material used in the erection of the owner's building, and that it was not to inure to the benefit of the contractors in any way, but was to be used solely for the payment of the labor performed and material furnished under the terms of the contract. They then allege that the amount due labor for work done on the said building and due subcontractors for work performed and for material already furnished on the building exceeds the balance due to defendants on the contract price, and that all these, the laborers, the subcontractors, and the furnishers of material, have a lien and privilege on the building, on the contract price, and on any sums of money due and owing by the owner, C. N. Storey, priming and outranking any and all other claims against them. They allege that, since the full amount due for labor and material already furnished exceeds the difference between the contract price and the amount already paid, none of the fund due and to become due can be subject to garnishment for the payment of plaintiff's judgment. Subsequently the defendants filed a supplemental answer for the purpose of asserting a claim against the plaintiff, by way of reconvention. It is contended that they have been damaged by the illegal issuance of the garnishment to the extent of $2,750, and judgment for that sum is prayed for. Because of the conclusions reached herein, it is useless to enumerate the items

making up this sum. On the trial of the case in the lower court, there was judgment dissolving the garnishment and dismissing the defendants' demands in reconvention as of nonsuit. From that judgment the plaintiff has appealed. The defendants filed a motion to dismiss the appeal, and this was denied.

### Opinion.

The question to be decided is as to whether the $214.05 held by C. N. Storey, the owner, was subject to garnishment under a writ of fieri facias issued by virtue of a judgment against Jacob & Walker, the contractors. It is the contention of the defendants that 'this money was not due to them in such a way that it was subject to garnishment, but that it was due for labor and material already performed and furnished. They hold that not only this particular sum of money, but all money due under the contract, was to be paid by the owner "in the manner and way set forth in the contract," and that it "was therefore to be paid upon a contingency and therefore not subject to garnishment." They assert further that the money sought to be garnished is subject to the liens of the laborers and the furnishers of material, and therefore not subject to garnishment. Another point urged by the defendants is that an ordinary judgment creditor of a contractor whose claim antedates a building contract, and is in no way connected with or incidental to it, cannot, by garnishment of funds in the hands of the owner due the contractor for labor and material, obtain a greater right than those who furnished materials for the construction of a building or those who performed labor thereon, for the alleged reason that the law grants to laborers and furnishers of material a privilege and lien of equal rank, to be paid pro rata out of the balance of the funds in the hands of the owner. They specially allege that Act No. 76 of 1926 provides: "That any contractor or sub-contractor who shall default on any contract for the construction, erection or repair of any building, structure or other improvement and who shall have applied any money received on account of said contract to any other purpose than the settlement of claims for material and labor due or to become due thereunder shall be guilty of a misdemeanor." Section 1.

It is the final contention of the defendants that, because of this law, the funds in the hands of the owner cannot be garnished, for the alleged reason that to permit this would be allowing a judgment creditor, through garnishment proceedings, to·force the contractor to commit a misdemeanor and subject himself to criminal prosecution in case of his default on his contract.

■■■ Counsel for defendants misinterpret the meaning of the contract between the contractors and the owner in contending that under the terms of the contract "there was no

indebtedness of the owner to the contractors." As a matter of fact, the owner was indebted to no one except the contractors themselves. He did not owe the laborers or furnishers of material anything. He discharged his legal obligation to them when he complied with the provisions of the law by requiring the contractors to execute a good bond to guarantee that they would pay them. At the outset he agreed to pay the contractors the sum of $6,000 in full payment of everything in connection with the construction and erection of the residence and garage. As a matter of convenience to the contractors, he agreed to pay this sum in installments, and these were to be based upon estimates of the proportion of the work finished from time to time as the work progresses, with the proviso that these estimates should never exceed 85 per cent. of the worth of the labor and material furnished during the particular periods covered by the estimates. The fact that the sums received from time to time were used to pay laborers and furnishers of material would not give them a lien or privilege without a special provision of the law, and we have been able to find none. The owner owed nothing to these claimants, for there were no contractual relations between them. Liens and privileges must be specially provided for, and are to be strictly construed. Counsel for defendants argue that the owner agreed to pay to the contractors a sufficient amount of money to pay for materials actually on the ground and labor from time to time as the work progresses. The building contract law that governs this case specially provides for partial payments as the work progresses, and the schedule of payments is usually provided for in the contract, and any payment made by the owner in accordance with such schedule will absolve him from further liability therefor. This would not be true if laborers and furnishers of material had a lien or privilege on the entire contract price and the various partial payments as they become due. Since the owner is absolved from all further liability by payment to the contractor, it inevitably follows that the sum so paid must be such a debt due to the contractor as to be subject to garnishment before it is paid. One of the simplest ways to solve this question is to ask: "To whom was this money owing and who had the right to sue for it if the owner had refused to pay it?" To ask that question is to answer it. It is clear that the owner did not owe the money to the laborers but to the contractors alone. The fact that the contractors may have owed it to laborers and furnishers of material does not affect the liability of the owner to the contractors. They may have already paid all these bills before presenting the estimate to the owner, but he would owe it just the same. The amount due was arrived at by computing the amount due by the contractors for labor and material. This was simply a basis or method of determining the amount due, provided the amount did not exceed 85 per cent. of the proportion of the work completed. It is clear that, if the owner had defaulted in the payment of the amount due, the contractors would have had the sole right to bring suit. In fact, during the process of construction the laborers have no claim, lien, or privilege of any kind against the owner, and have no right of action against him. In their brief, counsel for defendants say that the sum of $214.05 garnished in the hands of the owner was to pay the laborers and furnishers of material used in the work being performed under the contract for the week ending February 22, 1930. This is true, but it was the obligation of the owner to pay the contractor for these items. The amount due was arrived at by computing the amount that the contractors either owed or had paid for labor and material for that period.

In further support of their contention that the installment of $214.05 was not subject to garnishment, in the hands of the owner on the ground that there was no indebtedness of the owner to the contractors, counsel for defendants cite the following authorities: Mundt v. Shabow, 120 Wis. 303, 97 N. W. 897; Webber v. Bolte, 51 Mich. 113, 16 N. W. 257; Cunningham Lumber Co. v. New York, N. H. & H. R. Co., 77 Conn. 628, 60 A. 107. An examination of these authorities shows that they are not analogous and do not support the contention urged.

Mundt v. Shabow, 120 Wis. 303, 97 N. W. 897. In this case the owner was garnished before the completion of the job. He answered that it could not be determined whether he did owe the contractor anything or not. Under the contract in that case, the owner had agreed to pay the labor and material bills direct, and nothing was to be paid to the contractor until the job had been fully completed, and all bills paid. Naturally it was uncertain as to whether there would be any sum due which the contractor would be entitled to receive or demand. Such is not the case here. The contractors paid their own bills for labor and material, and at the time of the garnishment a certain sum was due them, which they were entitled to receive, and for which they could sue if necessary. In the cited case it was held that at the time of the garnishment the garnishee did not owe any sum absolutely to the contractor, but in the present case the opposite is true, for the owner did owe a definite amount absolutely, and, since this was true, it is bound to be subject to garnishment.

Webber v. Bolte, 51 Mich. 113, 16 N. W. 257. Counsel rely very strongly upon this case, and quote freely from it. There are some expressions in the opinion which, if taken alone, would seem to support defendants' contention, but a careful reading of the case discloses the fact that it is not parallel

with the one under consideration. In that case Consaul, the contractor, had agreed with the owners to erect a church building for a stipulated sum. Payments were to be made as the work progressed to the amount of 90 per cent. of the estimate, and the balance after completion. When the suit of garnishment was begun against the owners, they had made large payments, and they insisted that nothing was then due to the contractors by them. The plaintiffs then claimed that they had a right to hold the owners for any amounts that might subsequently become due under the contract. It was in denying the right of the seizing creditor to garnishee funds not yet determined to become due that the court used the strong language relied upon by counsel. Such is not the case at bar. The seizing creditor is not seeking to garnishee some future uncertain contingent sum of money. It seeks to seize under a garnishment a certain definite sum that has been determined to be due. If the suit were for the purpose of garnishing whatever might subsequently become due by Storey to the defendants, the case cited would be parallel. But in that case nothing was due at the time of the garnishment, whereas in the case at bar $214.05 was due and collectible. This amount was not contingent upon anything.

Cunningham Lumber Co. v. New York, N. H. and H. R. Co., 77 Conn. 628, 60 A. 107. In this case the court found that, as a matter of fact and law, the contract did not provide for periodical payments as the work progresses. The contractor abandoned the job before it was completed, and the seizing creditor sought to garnishee whatever might be estimated to have been earned up to the date of the abandonment. Under the express terms of the contract, nothing was to be due until the completion of the work. The cases are not parallel in any particular. In the case at bar, the contractor had not abandoned the work, under the contract the owner was obligated to make partial payments as the work progressed, and at the time of garnishment there was absolutely due to the contractors, under the terms of the contract, the sum of $214.05.

It is argued that the contract in the case at bar "provides that the consideration named therein, being $6,000.00, was to be paid upon the *completion of the building according to the plans and specifications.*" This statement is not correct, for in the contract the owner specifically "agrees to pay the contractors a sufficient amount of money to pay for material actually on the ground and labor *from time to time as the work progresses.*" (Italics ours.) It is further stipulated that at the completion of the work the owner will pay the difference between 85 per cent. of the contract price and the sum of the payments made from time to time as the work progressed, and that the final balance would be paid thirty days from the completion of the work and its acceptance by the owner. So counsel are in serious error when they say that "under the very contract itself any amount to be earned by Jacob & Walker was to be paid on the contingency that the contract was completed according to its terms and conditions and an amount so to be paid is not subject to garnishment." If counsel's statement of fact were correct their conclusions of law would be sound, but it is not true that all amounts to be earned by Jacob & Walker were to be paid on the contingency that the contract should be completed. These payments that were to be made from time to time as the work progressed were not contingent upon the completion of the contract. They were due absolutely as soon as the estimates were made, and, under the plain wording of the contract, these periodical payments were due to the contractors and no one else. It was the duty of the contractors to find, purchase, and furnish all labor and material and the owner agreed to pay the contractors for these items and no one else. As soon as they were furnished to the job, the owner owed a sum of money equal to their cost, provided it did not exceed 85 per cent. of the work completed during the period covered.

Counsel cite 12 R. C. L. 794, Garnishment, § 24, as follows: "Similarly where the sum in question is to be paid on the contingency that certain work to be done be well performed, garnishment is not proper until the work has been duly performed."

It is patent on its face that this citation cannot support defendants' contention. The payment of the $214.05 involved in this case was not contingent upon anything to be done in the future. The work had already been duly performed and the material had already been furnished and delivered, and the parties had agreed that the amount was absolutely due.

J. A. Fay & Egan Co. v. Ouachita Excelsior Saw & Planing Mills, Ltd. (Hirsch et al., Garnishees), 50 La. Ann. 205, 23 So. 312, 314. In this case the judgment creditor sought to garnishee whatever might be due to its debtor under a working contract. It was denied by the garnishee that anything was due. The contract was a milling contract to run for a year, and at the time of the garnishment it could not be estimated whether anything was due. No settlement or estimate had been made wherein it was acknowledged that any sum was due to the defendant, and the lower court dismissed the garnishment. On appeal, the Supreme Court held that the garnishment should not have been dismissed, but that "the final disposition of the case should have been postponed until the contract between the judgment debtor and the garnishees had run its period, or was otherwise terminated, with full reservation of plaintiffs' right at that time to a full and explicit accounting, adjustment, and settlement of affairs under and proceeding from the contract," etc. The two cases are not alike. In the cited case it was not

found that any sum had been earned, whereas in the case at bar a certain definite sum was due and payable under the express terms of the contract. In the case at bar, there was a fixed contract price, while in the cited case everything was on a contingent basis.

Coleman, Britton & Whithers v. John Fennimore (Board of Levee Commissioners, Garnishees), 16 La. Ann. 253. In this case the levee board was garnishee. It answered by saying, first, that the contract had not been completed; second, that the amount of the work done under the contract had been estimated, and that 80 per cent. of this estimate had been paid, and that 20 per cent. had been retained; and, third, that if the contract should not be finished by a certain fixed date, this 20 per cent. would be forfeited. These answers were not traversed, but the district court gave judgment for the 20 per cent. in favor of the seizing creditor. On appeal, the Supreme Court held that the judgment of the lower court was erroneous on the ground that the answer of the garnishee acknowledged no present or future absolute indebtedness. Everything that was acknowledged was contingent. But, if the garnishment had been issued before the 80 per cent. had been paid over to the defendant, there could not have been any contention that the payment of this sum was contingent, and it certainly would have been subject to garnishment. Counsel endeavor to make the cited case apply to the one at bar, but say in their brief: "In the case at bar there is no indebtedness due by the owner, C. N. Storey, to the contractors, Jacob and Walker, except contingent upon an uncertain event, namely, the completion of the dwelling in good and workmanlike manner according to the plans and specifications." This statement is erroneous. The $214.05 was absolutely due, and was not contingent upon the completion of the contract. It was due at the time of the garnishment and to the contractors alone.

Defendants seek to dissolve the garnishment on the further ground that Act No. 298 of 1926, which governs this case, provides a lien and privilege in favor of the laborers and furnishers of material not only on the building and the lot on which it is situated, but on all the contract price as it accrues. In the discussion of this point, it must be borne in mind that all liens are stricti juris, and that in this case the laborers and furnishers of material are not seeking to enforce any alleged lien. It will be noted that the lien referred to in the act is upon the land and improvements only, and it is enforceable as such only when evidenced as provided for in the act. None of that has been done in this case. And, furthermore, this lien is discharged from the land and improvements by the owner provoking a concursus after the completion of the building and by paying the balance due the contractor into the registry of the court. It is only after the completion of a contract that laborers and furnishers of material can exercise any rights whatever against any funds that may be due to the contractor by the owner, and then only after complying strictly with the requisite of law. The laborers and furnishers of material had no lien whatever against this $214.05. The provision of the law that gives laborers, etc., the right to participate pro rata in certain funds, applies only to "the balance of the funds in the hands of the owner" after the partial payments have been made as the work progresses and after the completion of the job. 12 R. C. L. 796, Garnishment, § 26, is cited to the effect that, where claims upon contracts such as construction contracts are subject to a lien, they are not subject to garnishment. This is good law, but the partial payments made from time to time as the work progressed are not subject to a lien.

In their brief under the heading of "Point Number Four," counsel for defendants urge that the $214.05 in controversy is not subject to garnishment, for the alleged reason that Act No. 298 of 1926 gives laborers, materialmen, etc., a lien or privilege, and provides that any funds remaining in the hands of the owner shall be paid to them. This argument cannot prevail, for the reason that the sum garnished in this case is not a fund remaining in the hands of the owner. It is a fund due to the contractor on which he could sue in his own right without waiting for the completion of the contract.

Defendants urge upon us the consideration of the effect upon them of Act No. 76 of 1926, which declares that, in case they should default on this contract, they will be guilty of a misdemeanor, if they pay out any of the contract price of this building for any purpose other than the settlement of claims for material and labor due or to become due. This court has no jurisdiction over criminal matters. Our duty is to pass upon the rights of litigants in the condition in which they are presented to us. Hard situations are often presented. For instance: If an attorney collects a note for $1,000 on a basis of 10 per cent. for his services, he will be guilty of an embezzlement if he does not remit to the owner of the note $900. Yet, if he deposits the $1,000 in the bank to his personal credit, and immediately issues and mails his check for $900 to his client, the entire sum of $1,000 could be successfully seized under garnishment proceedings by his judgment creditor before the check could be returned for payment. It is not for the courts to make the laws or to draw contracts between parties. It may seem hard that the only fund which a contractor has with which to pay for labor and material furnished under a building contract should be seized by his judgment creditor. But it is an easy matter to draw a contract in such case whereby the owner shall

pay direct for the labor and material required under a contract.

The judgment of the lower court is erroneous, and will have to be reversed, and therefore, for the reasons assigned, it is hereby ordered, adjudged, and decreed that the said judgment appealed from be, and the same is hereby, reversed and set aside, and it is now ordered that there be judgment herein in favor of the plaintiff, Morehouse Lumber & Building Material Company, Incorporated, against the garnishee, C. N. Storey, ordering him to pay to the plaintiff the sum of $214.05, to be applied on the judgment of the plaintiff against Jacob & Walker. It is further ordered that Jacob & Walker pay all costs of this case.