† RICKER *&* al. *versus* FAIRBANKS *&* al. *and Trustees.*

In the construction of a contract, reference must be had to the intention of the parties, as ascertained from their situation, and the whole scope of the contract.

Thus, where a railroad company agreed to pay a contractor ninety per cent. monthly, of the estimated amount of the work done and materials procured in the construction of their road, under the report of their engineer, and another clause in the contract authorized the engineer to declare the contract abandoned, and any sum due the contractor to be forfeited to the company, whenever he should find that the covenants of the contractor were not performed ; *it was held*, that where the engineer had put an end to such contract, it did not operate to discharge the company from the payment of the ninety per cent. found to be due from them, *prior* to such determination.

ON EXCEPTIONS from *Nisi Prius*, HATHAWAY, J., presiding. TRUSTEE PROCESS.

The plaintiff summoned. the Oldtown and Lincoln Railroad Company as the trustees of Fairbanks and Morgan, on July 1st, A. D. 1854.

The principal defendants were contractors with the O. & L. R. R. Co. to grade, bridge, gravel, &c., a certain section of their road for the price therein stipulated.

Those portions of the contract bearing upon the question before the Court were as follows:—

" Or in case it should appear to said engineer, that the work has not progressed with sufficient rapidity, he shall have the power to withhold the estimate hereinafter provided for, or to determine that this contract has been abandoned, and in the event of such determination, this agreement on the part of said corporation, shall become null and void, and any balance of money due shall be forfeited by the said party of the first part, to the said corporation."

" The payments within the limits of this contract shall be made as follows:— between the first and tenth day of each month, after the commencement of the work, said engineer shall estimate the quantity of work done, and materials delivered, and give a certificate of the same, and upon presentation of said certificate to the treasurer of said corporation, nine tenths of the amount then due for work specified in said certificate shall be paid to the party of the first part as aforesaid, provided however, that no estimate shall be made, or certificate given within one month after the commencement of the work."

" And it is hereby further agreed, that if the said party of the first part shall not, on his part, well and truly perform all the covenants herein contained, said engineer may dismiss them from the work; and in that event, this contract shall become null and void; and any balance for work done on said road, which would have been due the said party of the first part, shall be forfeited, and become the right and property of the corporation."

The railroad company, by their treasurer, made a disclosure in substance as follows :—

" That under this contract the estimates of the amount performed by said defendants each month, were made up to and including the month of May, 1854, and were paid to them less ten per cent., before the service of the writ.

" That before the service of this writ, at the solicitation of defendants, they had advanced them, to be taken out of the month of June, 1854, estimates when made up, the sum of $1110."

The estimate of the amount due under said contract for the month of June was made up by the engineer on the first day of July, 1854, and the treasurer saw it in his hands at eight or nine o'clock on that day.  A copy of the same was furnished the defendants by the engineer on the fourth of the same July in the forenoon, but was never presented to the treasurer or company by the defendants, although they called on the treasurer on the third or fourth of July about their pay, and then learned of this trustee process.

" On the fourth of July the defendants failed and abandoned their contract.  Notice was given by the engineer to the treasurer on July 6, of such abandonment, that certain laborers in the defendants' employ were unpaid, and that in consequence thereof the engineer had determined that said contract had been abandoned by said contractors, and any amount due thereon had become forfeited to the company. Notice was also given to defendants that for non-fulfilment of the contract, the engineer had declared it abandoned by them ; and on the tenth of the same July the directors of the company approved of the doings of their engineer.

" There was no failure in respect to the contract on the part of the company.  The June estimate, exclusive of the ten per cent. retained, was $3296,05.  The company out of that estimate paid the sum due the laborers on July 12th, $1049,20.

" But the company claim that nothing is due said defend-

ants or is in their hands to be attached, because the said contract was forfeited by them."

On this disclosure the trustees were discharged, to which order the plaintiff excepted.

*Blake,* in support of the exceptions.

The company are liable for the June estimate, less the ten per cent., the sum advanced and the sum paid to the laborers. The estimate had been completed on the first day of July, a certificate made out, a new month immediately commenced, and it then became imperative on the company to pay. It was after this liability was established by the requisite doings of the company, that the contract was put to an end, which could not affect what had been already earned.

The defendants broke no contract until July 4th. That worked no forfeiture save of the reserved ten per cent. If any other construction is to be given, then the forfeiture of the contract had a retrospective operation upon funds agreed to be paid previously.

From the whole contract this construction can only prevail. The ten per cent. was liable to forfeiture until the time arrived it was due and payable; and so with the ninety per cent., it was liable to forfeiture until *it* became due.

It is too late for the company to repudiate the June estimate, as not binding upon them, for they have recognized it, and out of it paid $1049 to the men, retaining it out of funds belonging to the contractors, and paying *their* debts with it.

The construction I contend for is supported by *Lord* v. *Belknap,* 1 Cush. 279; and the case of *Dailey* v. *Jordan,* 2 Cush. 390, does not conflict with it.

*J. A. Peters,* for the trustees. The contractors in this case forfeited any thing earned by their failure to fulfil their contract. Here the contract was an entirety, and must all be performed before any compensation can be received. *Miller* v. *Goddard,* 34 Maine, 102; *Davis* v. *Maxwell,* 12 Met. 286.

The contract in this case is similar to those, with this dif-

ference, — the performance of portions of the contract is a condition subsequent, instead of precedent, to certain payments. A forfeiture may as well occur in one kind as the other.

The engineer had the right in certain contingencies to declare the contract abandoned. He did so. In that event, the contract stipulates " that any balance of money due shall be forfeited by the said party of the first part to the corporation."

This seems to be clear and express.

The payment of the June estimate was dependent upon the fact that the engineer had not determined before its payment, that the contract had been abandoned. This is made thus dependent by the express language of the contract. *Babcock* v. *Wilson*, 17 Maine, 372; *Cunningham* v. *Morrill*, 10 Johns. 203; 2 Parsons on Contracts, 42, notes.

As to the ten per cent. reserved, there can be no question but that it is dependent. *Lord* v. *Belknap*, 1 Cush. 279.

RICE. J. — The contract in this case, between the principal defendants and the R. R. Co., is similar in its general provisions to one which was before the Court in the case of *Williams* v. *Androscoggin & Kennebec R. R. Co.*, 36 Maine, 201.

In that case the Court say : — " It was manifestly the intention of the parties that monthly estimates should be made of the work performed, and payment for three fourths the amount thereof, on presentation of the engineer's certificate. The amount thus found, was due absolutely, and depended upon no contingency. There was nothing due and payable until the expiration of each month, and whether the one fourth which was reserved, should ever become payable, depended upon the contingency of the contract being fully performed; for it was stipulated that if the parties of the first part should not well and truly perform all their covenants, any balance for work done on said road, which would have

been due to said party of the first part, shall be forfeited, and become the right and property of the company."

The contract under consideration varies from the one in the case cited in some of its details; one tenth the amount earned, only, being made a contingent reservation in this, instead of one fourth in that. This contract also contains the following provision, which does not appear to have been incorporated into the one in the case cited, to wit:—"And it is hereby further understood and agreed, that the said party of the first part shall pay the laborers in their employ, and for materials used, monthly, and in case the said party of the first part fail to do so, the said corporation shall have full right and authority to retain in their hands for the payment of the workmen employed and materials used by said party of the first part, on the work contracted for, such an amount of each estimate as the engineer of said corporation may deem proper for that purpose." This is a salutary provision, and so far as the company have made payments under it, and in accordance with its terms, they ought to be protected, and we perceive no reason why they should not be permitted to retain the amount of $1049,20, being the amount paid to the laborers by the engineer, as appears by the disclosure.

There is another stipulation in the contract, under which it is contended that the whole sum found due the contractors for work performed in June, was contingent, and has been forfeited to the company. It is as follows:—"In case it should appear to said engineer that the work has not progressed with sufficient rapidity, he shall have the power to withhold the estimate hereinafter provided for, or to determine that this contract has been abandoned, and in the event of such determination, this agreement on the part of said corporation shall become null and void, and any balance of money due, shall be forfeited by the party of the first part to the corporation."

In the construction of contracts, reference should always be had to the intention of the parties. That intention is to be ascertained by taking into consideration the whole scope

of the contract, and the situation of the parties thereto. This contract contains a stipulation for the payment of 90 per cent. of the whole amount earned in each month, on the presentation of the engineer's certificate. That amount becomes due, absolutely, on the first day of each month. The sum then due, is determined, specifically, by the engineer's certificate. The only contingency which can affect any portion of it, is the right which the corporation has to retain so much as may be necessary to pay the laborers, and for materials, under the provision above referred to.

Now it is obvious from the situation of the parties, as well as from the whole scope of the contract itself, that it was intended that the 90 per cent. stipulated to be paid monthly, should be so applied as to enable the contractor to prosecute and complete the work for which he had contracted. The construction contended for would put it in the power of the corporation, to embarrass the contractor by withholding his monthly payments, and then, in case he, by reason of such embarrassment, should fail to progress with the work with sufficient rapidity, by their engineer to determine that the work had been abandoned, and any balance due the contractor, however large, forfeited. A construction which should offer so large a premium for wrongdoing should not be adopted unless the language used will admit of no other reasonable explanation. Such explanation may be had by excluding the monthly estimates after they become due, from the operation of that provision. This we think is the fair construction of the contract when all its provisions are considered.

The result is, that the exceptions must be sustained, and
*Trustees charged.*