**MOREHOUSE LUMBER & BUILDING MATERIAL CO., Inc., v. JACOB & WALKER (STOREY et al., Garnishees).**

### No. 4034.

Court of Appeal of Louisiana. Second Circuit.

Nov. 10, 1932.

For former opinion, see 139 So. 713.

See, also, 17 La. App. 409, 136 So. 106.

Madison & Madison, of Bastrop, for appellant.

Frank W. Hawthorne and W. Dan Files, all of Bastrop, for appellees.

McGREGOR, J.

The original opinion herein was rendered by us on February 16, 1932, and was published in 139 So. 713, 715. The facts of the case are fully set forth therein, and in that opinion we say: "The question to be decided is as to whether the $214.05 held by C. N. Storey, the owner, was subject to garnishment under a writ of fieri facias issued by virtue of a judgment against Jacobs and Walker, the contractors." After a thorough discussion of all the issues raised in the case, we held that the sum involved was subject to garnishment, and we rendered judgment accordingly and ordered the said sum to be paid over to the plaintiff to be applied on its judgment against the defendants.

Upon the application of the defendants we granted a rehearing in the case. In this application for a rehearing counsel for defendants raised some interesting questions, and because of the extreme importance of the issues involved, we have considered the case again from every angle.

Defendants contend that we erred in "holding the fund in question subject to garnishment," and that our holding is "contrary to public policy" and is an "unwarrantable interference with the contracts of third persons." We see no force in this contention, nor are we impressed with the argument in its support by counsel in their brief. As stated in the original opinion:

"Hard situations are often presented. * * It is not for the courts to make the laws or to draw contracts between parties. It may seem hard that the only fund which a contractor has with which to pay for labor and material furnished under a building contract should be seized by his judgment creditor. But it is an easy matter to draw a contract in such case whereby the owner shall pay direct for the labor and material required under a contract."

Defendants object particularly to that portion of our judgment ordering the garnishee to pay the amount in question to the plaintiff to be applied on its judgment against the defendants. This objection is based on the contention that the only issue involved in the case is the rule filed by the defendants ordering the plaintiff to show cause why the garnishment should not be dissolved. It is the contention of the defendants that the only judgment that this court could render in such case is one making the rule absolute or one recalling it, leaving the case to be tried on its merits in the lower court. In order to properly dispose of this contention it is necessary to review in detail the pleadings filed in the case.

Plaintiff's judgment against the defendants, which it is seeking to collect through garnishment process, was obtained on Feb-

ruary 7, 1930. On February 19, 1930, plaintiff caused a writ of fieri facias to be issued and in connection therewith filed a supplemental petition in which it prayed that C. N. Storey, the owner, be made garnishee "and after due and legal proceedings, commanded to pay the *amount of said writ and costs.*" The writ was duly issued and served with interrogatories, and on March 1, 1930, the said Storey answered and admitted owing the defendants the sum of $214.05, under the terms of a building contract.

On March 7, 1930, the defendants filed a formal answer to the supplemental petition of the plaintiff. In this answer they raised all the issues on which the case was tried and which were fully discussed in our original opinion herein. In the conclusion of their answer defendants prayed "that the said writ of fieri facias and the garnishment thereunder herein sued out be set aside, annulled and held for naught, and that the said C. N. Storey *be ordered to pay to the said Jacob and Walker the sums and amounts now due for labor performed and materials furnished.*" In accordance with this prayer, a rule was issued and served ordering the plaintiff to show cause on March 17, 1930, why the writs of fieri facias and garnishment should not be set aside, and "why C. N. Storey should not be ordered to pay to the said Jacob and Walker the sums and amounts now due and owing for labor performed and materials furnished, etc."

On March 17, 1930, the day set for hearing of the rule, the plaintiff answered and prayed that the rule be dismissed and that the court order the garnishee, C. N. Storey, to pay over to the sheriff the sum of $214.05, and that the sheriff turn this amount over to plaintiff to be applied on its judgment.

On March 20, 1930, the defendants amended their answer, or petition, in which they had sought to dissolve the writs of fieri facias and garnishment on rule. In this amended answer they assumed the role of plaintiffs in reconvention and prayed not only for the dissolution of the writs and an order for the payment of the money garnisheed, but for judgment against the plaintiff and the garnishee in solido for the sum of $2,750, as damages for the illegal issuance of the writs.

The case was tried on March 22, 1930, and judgment was rendered in favor of the defendants dismissing the garnishment, and all other demands of both parties were dismissed as of nonsuit.

Under the issues as raised and created by both parties to the suit, we fail to see any reason why our judgment should have been restricted to a simple recalling of the rule, "leaving the case to be tried on the merits in the lower court." In the first instance, when plaintiff caused C. N. Storey to be made garnishee, it prayed that he be *ordered to pay* the amount of the writ. Subsequently, Storey answered and admitted that he was indebted to the defendants in the sum of $214.05 and that he was holding that sum subject to the further orders of the court. Under that state of facts, all that the plaintiff would have been required to do in order to secure the payment of the amount admitted to be due, if no objection had been filed, was to make an oral statement of the facts as verified by the filings in the case and secure a signed judgment ordering the garnishee to pay. There was no necessity of making the garnishee a party any more than he was already.

When the defendants answered the application for garnishment and asked that the funds seized thereunder be paid over to them, and upon trial of the rule introduced all the evidence they could to sustain their demand for the dissolution of the garnishment, the trial court found the evidence sufficient to dissolve the garnishment and signed a judgment accordingly. In the judgment no reference is made to the defendants' demand that the garnishee pay to defendants the sum withheld because of the garnishment, but the order dissolving the garnishment is tantamount to such an order. If, on the other hand, the trial judge had found the evidence sufficient to sustain the garnishment, the proper order would have been that it be sustained and that the fund garnisheed be paid to the plaintiff in accordance with its prayer not only in its original application for garnishment, but also in its answer to the defendants' rule to show cause why the garnishment should not be dissolved. The case was fully and completely tried in the lower court and there is nothing left "to be tried on the merits."

Since we held in our original opinion that the evidence was sufficient to sustain the garnishment, it necessarily follows that the only judgment we could render was the one which the lower court should have rendered. Under the pleadings and the evidence, a judgment sustaining the garnishment necessarily carries with it an order to pay over the funds to the proper parties, which, in this case, was the plaintiff.

■ The next reason urged by the defendants in support of their contention that we erred in our opinion is that the contractors have, since the appeal to this court, defaulted in the contract and that our judgment "deprives third persons from becoming parties and asserting their rights to the funds in question on the trial of the case on its merits." There is no merit to this contention. All cases must be decided upon the record as made up, and subsequent events can have no consideration.

■ Defendants contend next that we erred in holding that the amount in question was

due to the contractors and not to the laborers and materialmen. The contract between the owner and the defendants nowhere mentions any obligation on the part of the owner to pay the laborers or materialmen. On the contrary, it specifically states that the contractors shall "find, purchase and furnish all labor and material of such kind and quantity as mentioned in the specifications in such quantity for completion and finishing said building as provided in said specifications and plans." The owner was under no obligation to find, purchase, or furnish any labor or material, and since this is true, no laborer or materialman had any right of action against him, except as specially provided by law. In consideration of the contractor's finding, purchasing, and furnishing all labor and material in accordance with the terms of the contract, the owner agreed to pay *certain sums* to the contractor at *stated intervals*. Since these sums were due to the *contractor* and *not* to the *laborers and materialmen*, they are bound to be subject to garnishment as soon as the amounts were *ascertained*. No laborer or materialman could have been heard in a suit against the owner in this stage of the contract, but, on the contrary, the defendants or contractors would have a right of action under the contract to enforce the payment of the sum garnisheed.

▇ Defendants next contend that the amount to be paid under the contract was *uncertain* and payable only upon a *contingency*. The answer to this is that the sum of $214.05 was a certain sum admitted to be due to the defendants at the time of the garnishment. The amount was ascertained and demanded by the defendants themselves, and was admitted to be due by the owner under the terms of the contract. How, then, can it be said that we erred on this score? Under these circumstances defendants are estopped from saying that the sum garnisheed was not absolutely due, in view of the fact that they had demanded it from the owner and in these very proceedings are seeking to recover this identical sum under the terms of the contract itself.

▇▇ The next contention of the defendants is that the sum garnisheed is subject to liens in favor of the laborers and materialmen and that we erred in not so holding. Liens are stricti juris and cannot be recognized unless specially provided for. Act No. 298 of 1926 makes no provision for a lien of any kind on sums due and payable to the contractor during the course of the construction of a building, and for that reason this point is not well taken.

In a supplemental brief, counsel for defendants have cited the recent case, Shreveport Producing & Refining Corp. v. City of Shreveport, 175 La. 61, 143 So. 5. This was a suit on an assignment by the contractor to be paid out of the *final estimate* on a contract. The case is not pertinent. The assignment did not even purport to be collectible at the time it was given. No sum was actually due. The contractor at that time had no right to demand any specific sum from the owner, whereas in the present case the defendants did have a perfect right to demand and sue for the sum of $214.05. It was actually due and collectible under the very terms of the contract itself, and was not contingent upon, or payable out of a *final estimate*. There is no similarity whatever between the two cases.

Another case cited is that of Panama Sash & Door Co. v. U. S. Fidelity & Guaranty Co., 12 Orleans App. 15. This case involves the payment by the contractor of a debt which he owed to the owner. If the defendants herein had received the $214.05 from the owner and had immediately paid it back to the said owner, to be applied as a credit on a debt previously incurred, the cases would have been similar and the owner could not claim credit as against the surety for that amount. But if these defendants in the present case had actually received this said sum of money and had paid it to the plaintiff herein to be applied as a credit on the judgment held by the plaintiff against the defendants, then certainly the owner would be entitled to credit for the payment in any suit that might arise against the surety, even though the defendants, by making the payment, may have subjected themselves to the penalty provided for in Act No. 76 of 1926. If, then, the defendants had such a right to the sum garnisheed that they could have collected it and could have paid it to the plaintiff if not interfered with, then certainly the said amount was subject to garnishment as soon as it was definitely determined and admitted to be due under the terms of the contract.

It is true that it may be a crime for a contractor to use certain funds to pay his creditors, but that does not necessarily mean that those same creditors could not garnishee or seize these same funds in the absence of any legal objection on the part of any one other than the contractor himself. In this case the owner is apparently willing that the plaintiff should receive the funds garnisheed and no laborer, materialman, or surety has objected or protested.

For the reasons assigned, our former judgment is reinstated and made the final judgment of this court, and it is so ordered.

DREW, J., concurs.

PALMER, J., dissents.