ST. PAUL, Justice.
 

 This ease comes up on certiorari from the Court of Appeal.
 

 The point involved is whether installments and payments that are due and owing to a contractor under a construction contract may be reached by garnishment, although the contract has not been completed.
 

 The Court of Appeal held that they might. We have carefully examined both the original opinion of the Court of Appeal reported in 139 So. 713 and the opinion on rehearing reported in 144 So. 190, and we find no error therein. These opinions are in accord with general jurisprudence. See McKendall v. Patullo, 52 R. I. 258, 160 A. 202 and the note thereon (section IV) 82 A. L. R. at page 1121, citing this case and Williams v. Androscoggin
 
 &
 
 K. R. Co. (1853) 36 Me. 201, 8 Am. Dec. 742; Ricker v. Fairbanks (1855) 40 Me. 43; Harris v. Somerset & K. R. Co. (1859) 47 Me. 298; Ware v. Gowen (1876) 65 Me. 534; Webber v. Bolte (1883) 51 Mich. 113, 16 N. W. 257; Empire Sash & Door Co. v. McGreevy (1912) 22 Manitoba, L. R. 676, 8 D. L. R. 27. See, also, Wyer v. Merrill (1831) 7 Me. (7 Greenl.) 342; Kelly v. Snyder (1878) 5 Wkly. Notes Cas. (Pa.) 39.
 

 Decree,
 

 For the reasons assigned the judgment of the Court of Appeal is affirmed.