155 So.2d 773 (1963)
CAGLE SUPPLY OF LAFAYETTE, INC., Plaintiff-Appellant,
v.
Nathan Frank HINSON et al., Defendants-Appellees.
No. 906.
Court of Appeal of Louisiana, Third Circuit.
July 15, 1963.
Rehearing Denied September 3, 1963.
William E. Logan, Jr. Lafayette, for plaintiff-appellant.
Pierre D. Olivier, Jr., Lafayette, for plaintiff-appellant.
Patin & Patin, by John A. Patin, Lake Charles, for defendant-appellee.
Before TATE, FRUGE and SAVOY, JJ.
FRUGE, Judge.
This is an appeal by a judgment creditor from a judgment dismissing a rule to traverse a garnishee's answer to interrogatories.
Plaintiff, Cagle Supply of Lafayette, Inc., obtained a judgment against Nathan Frank Hinson in the amount of $4,074.12 together with 8 per cent interest from September 22, 1960, and 15 per cent attorney's fees in proceedings carried on in the Fifteenth Judicial District Court for the Parish of Lafayette, Louisiana. Subsequently, on April 17, 1961, plaintiff instituted these proceedings in the Fourteenth Judicial District Court for the Parish of Calcasieu *774 against Southern Construction Corporation seeking to garnish whatever indebtedness was owed by Southern Construction Corporation to said Nathan Frank Hinson. Interrogatories were served on the garnishee on April 19, 1961, and on April 26, 1961, the garnishee filed its answer to the interrogatories. Thereafter, plaintiff filed a rule seeking to traverse the answers of Southern Construction Corporation, and asking for judgment in the sum of $5,452.34 plus interest, attorney fees and costs.
The answers to the interrogatories reflect that Nathan Frank Hinson was a subcontractor for the garnishee on a construction project in St. Landry Parish, Louisiana. The contract between these two parties is in evidence, the pertinent provisions of which are as follows:
"ARTICLE I. The said Subcontractor agrees to furnish and pay for all the labor and material and temporary equipment necessary to complete the following work included in said contract between the Contractor and said Owner in all respects, as the said Contractor is required by said plans and specifications to do namely: * *
* * * * * *
"ARTICLE XI. The said Contractor hereby agrees to pay to the said Subcontractor for such labor and material hereundertaken to be done and furnished the sum of Forty Seven Thousand Three Hundred Thirty-five and 90/100 Dollars ($47,335.90) subject to additions and deductions as herein provided and such sum shall be paid by the Contractor to the Subcontractor as the work progresses in monthly installments as follows:
"This contract price includes any and all taxes whatsoever.
"On the First (1st) day of each month the Subcontractor shall present to the Contractor a statement of the work done during the preceding month which statement when checked and approved by the Contractor will be paid within fifteen (15) days after receipt of payment from the Owner providing all progress of the work and payments for labor and materials are satisfactory in general to the Contractor less ten (10) per cent of each estimate to be retained until final payment which shall be made within thirty (30) days after completion of the work included in this contract and written acceptance by the Contractor and full payment therefor by the Owner, provided evidence has been furnished by the Subcontractor if requested, that all claims for labor and materials are settled, and provided further that all the provisions of this contract have been complied with to the satisfaction of the Contractor.
"ARTICLE XII. The said Subcontractor hereby agrees to turn said work over to the Contractor in good condition and free and clear from all claims, encumbrances and liens for labor or material * * *."
The trial judge, who heard and observed all of the witnesses who testified in this case, set forth in his written reasons, his appreciation of the facts as follows:
"The contract price, $47,335.90, was the amount to be paid to Nathan Hinson upon the satisfactory completion of plumbing work on the project free and clear of liens and claims. The interrogatories further reflect that the sum of $20,339.88 had been paid to Hinson prior to the time of service. At the time of service there existed an assignment from Hinson to the garnishee in favor of Southern Pipe & Supply Company in the amount of $9,500.00.
"Hinson was not required to post a performance bond but agreed that it would complete the work in a satisfactory manner clear of any liens or claims. Soon after the construction *775 work began claims and threat of liens were made by suppliers of Hinson. These claims came in consistently, the result of which, following the service of interrogatories, the amount of claims against Hinson pertaining to the labor and materials that Hinson had used on the job, continued to exceed the amount that Southern Construction Corporation might owe Hinson at any given time. This continued to exist and on July 1, 1961, Hinson was notified by letter of the Southern Construction Corporation that it was exercising its right under Article 7 of the contract that Southern Construction was taking over the job itself and would complete the plumbing work itself. This labor and material was charged against Hinson as the work progressed and upon the ultimate consummation of the plumbing installation Hinson was indebted to Southern Construction Company for a sizeable sum of money."
The trial judge concluded that subsequent to the service of the garnishment upon Southern Construction Corporation, the garnishee never became indebted unto Nathan Hinson, and therefore could not become indebted unto the plaintiff. Viewing the evidence as a whole, we cannot say that he was in error.
It is replete under the jurisprudence of this state that a contract, unless contrary to law or public morals (contra bonos mores), is the law between the parties thereto. LSA-C.C. Art. 1901; Martin-Parry Corp. v. New Orleans Fire Detection Service, 221 La. 677, 60 So.2d 83; Mente & Co. v. Roane Sugars, 199 La. 686, 6 So.2d 731; American Cotton Co-op. Ass'n v. New Orleans & Vicksburg Packet Co., 180 La. 836, 157 So. 733. In the instant case, the contract clearly provides that any indebtedness of Southern Construction Company in favor of Hinson was contingent upon certain conditions. These conditions are stipulated in the contract, and provide that any payments due Hinson are conditioned upon his settling all claims for labor and materials. That Hinson did not comply with this condition is not in dispute. This is the basis upon which the trial judge concluded that Southern Construction was not indebted unto Hinson, and we find no error in his conclusion.
Plaintiff submits that, notwithstanding the contract, Southern Construction Corporation paid certain claims against Hinson to its prejudice. An examination of the record reveals that under the construction contract Southern Construction Corporation was obligated for the payment of all materials and labor. The payment of these claims was therefore a discharge of its own obligation.
Plaintiff has cited a number of cases for consideration by this court, namely Morehouse Lumber & Building Material Company v. Jacob & Walker, 177 La. 76, 147 So. 504; Monroe Grocer Company v. J. A. Perdue & Company, 123 La. 375, 48 So. 1002; Wuerpel v. Sinnott, 147 La. 1099, 86 So. 558. These cases, however, are distinguishable from the case at bar. Thus, in the Morehouse case, supra, the court simply held that installments and payments due a contractor under a construction contract could be reached by garnishment. In the instant case, as previously concluded, by the terms of the contract there were no payments due. The Monroe Grocery Company decision, supra, dealt with the question of compensation vel non under LSA-C.C. Art. 2209. Whether or not the garnishee was indebted to the judgment debtor was admitted and not at issue, whereas in the instant case this is the sole question before the court. Lastly, the holding of the Wuerpel decision, supra, is limited to the garnishment of funds left by a judgment debtor in the hands of a third person for the purpose of paying specific debts.
For the reasons assigned herein, the judgment of the District Court is affirmed; *776 plaintiff to pay all costs of this appeal and of these proceedings.
Affirmed.

On Application for Rehearing
En Banc. Rehearing denied.